STATE OF NORTH CAROLINA v. HAROLD BRYANT WILLS, JR.

No. 45

(Filed 11 November 1977)

**Criminal Law § 169.3— evidence of defendant's prior offense—objection—subsequent similar testimony by defendant—no prejudice**

By presenting the same evidence on his direct examination as was earlier presented by the State, defendant waived the benefit of his earlier objection to that evidence; additionally, by taking the stand defendant opened himself up to impeachment, and on cross-examination the State had every right to inquire into a prior offense for purposes of questioning his credibility.

ON petition by the State under G.S. 7A-31 for discretionary review of the decision of the Court of Appeals, reported without published opinion, 32 N.C. App. 787, 236 S.E. 2d 734, finding error in the trial before *Lee, J.*, at the 5 April 1976 Session of DURHAM Superior Court.

Defendant was charged with the felonious larceny of currency and checks of the value of $3800, felonious breaking and entering and feloniously forcing open a safe. The jury found defendant guilty as charged and he was sentenced to a term of fifteen to twenty years' imprisonment. On appeal, the Court of Appeals found error and awarded defendant a new trial. We allowed State's petition for discretionary review.

The State presented evidence summarized as follows:

Charles Wellons testified that he owned a building at 821 N. Miami Boulevard, Durham, in which Wellons, Inc., maintained a safe for the purpose of holding money and other valuables. When he left and locked the building at 6:30 p.m. on 5 November 1975, there was $3600 in cash in the safe. Upon his return to the business at 8:00 a.m. the following morning, he found that the building and safe had been broken into, and the $3600 was miss-

State v. Wills

ing. He had not given the defendant nor anyone else permission to enter his building, nor permission to open the safe or to remove any property therefrom.

Ralph D. Seagroves, a Durham police officer, testified that on 22 November 1975 defendant came to Durham Fire Station No. 3 and complained to Seagroves that he wanted something done about a reckless driving ticket. The defendant then said that he could give Seagroves some information about several break-ins. Seagroves stopped defendant and read him his Miranda rights. The defendant said he knew his rights and did not want a lawyer. Defendant then admitted to Officers Seagroves and Rigsbee that he was guilty of breaking into Mr. Wellons' building on 5 November 1975, forcing the safe open, and taking $3600 in currency therefrom.

Over defendant's objections Wellons and Seagroves both testified on direct examination that some six weeks prior to 5 November 1975 the defendant had been apprehended while attempting to break into the same business establishment at 821 N. Miami Boulevard.

Tony Rigsbee of the Durham Public Safety Department testified that on 22 November 1975 he was present when defendant confessed to committing the crimes for which he is being tried. Rigsbee further testified that defendant said he had broken into the business with two other people.

Other testimony for the State indicates that no fingerprints or other physical evidence of defendant's presence was discovered at the scene of the crime.

The defendant testified in his own behalf. He denied that he had committed the offenses charged against him and he denied that he had confessed committing these offenses. On direct examination, he admitted that he had earlier attempted to break and enter the business at 821 N. Miami Boulevard, and said that he was on probation for that offense.

John Caulder testified that on the evening of 5 November 1975 he and defendant were at his mother's home in Durham. At midnight, he, defendant and another individual left his mother's house and drove to Roxboro. They returned to Durham at 7:00 a.m. on the morning of 6 November.

Defendant presented other evidence tending to establish an alibi.

The State presented rebuttal evidence which showed that on 22 November 1975 defendant had confessed to the breaking and entering of three additional business establishments. Officer Seagroves testified that after his confession on 22 November defendant took him and Officer G. H. Milan to a place on the other side of Chapel Hill and showed them where he and others had stored merchandise stolen from the various stores broken into.

*Attorney General Rufus L. Edmisten and Assistant Attorney General Archie W. Anders for the State, appellant.*

*James V. Rowan for defendant appellee.*

MOORE, Justice.

Defendant assigns error to the admission in evidence, over his objection, of testimony concerning a prior offense committed by him. On direct examination, and before defendant took the stand in his own defense, State's witnesses Charles R. Wellons, the owner of the premises robbed in the present case, and Officer Ralph Seagroves testified that they had apprehended the defendant on 24 September 1975 while he was attempting to break into the same premises involved in the present case. Defendant argues that admission of such evidence violates the principle that the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Defendant further argues, and the Court of Appeals so held, that evidence of this prior attempt to break and enter is not admissible under any of the well-recognized exceptions listed in *State v. McClain, supra*. The State, on the other hand, argues that this evidence of an earlier attempt to break and enter into the same premises was relevant to show the identity of the perpetrator of the offense for which defendant is being tried in present case.

Assuming that the court erred in admitting this evidence of a prior crime, its admission was nonprejudicial to the defendant. The defendant testified in his own behalf. On his direct examination, in relating the substance of his statement to police, he admitted that he had attempted to break into Wellons' store once

before. The defendant said: "He questioned me about safecracking, did I know anything about a man and I told him no, which Charles Wellons is the man that I got my probation from for attempt to break and enter, and I was paying for it, and I swear I did not go back to that man's premises."

In *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972), where defendant's witness admitted on cross-examination that defendant had been in prison, this Court said:

". . . Assuming *arguendo* that the evidence was inadmissible, there was no prejudicial error. In the instant case the defendant subsequently testified in his own behalf as to his criminal record and his imprisonment on other charges. An objection to inadmissible testimony is waived when evidence of the same or like import is introduced without objection. *State v. Wright*, 270 N.C. 158, 153 S.E. 2d 883 (1967); *Mallet v. Huske*, 262 N.C. 177, 136 S.E. 2d 553 (1964) . . . ."

And in *State v. Adams*, 245 N.C. 344, 95 S.E. 2d 902 (1956), where the State put on direct evidence of prior offenses by defendant and defendant later took the stand and testified to essentially the same facts, the Court said:

"Exceptions by the defendant to evidence of a State's witness will not be sustained where the defendant or his witness testifies, without objection, to substantially the same facts. *S. v. Matheson*, 225 N.C. 109, 33 S.E. 2d 590.

"Likewise, the admission of evidence as to facts which the defendant admitted in his own testimony, cannot be held prejudicial. *S. v. Merritt*, 231 N.C. 59, 55 S.E. 2d 804. . . ."

*See also State v. Minton*, 234 N.C. 716, 68 S.E. 2d 844 (1951).

Under Amendments V and XIV of the United States Constitution, and Article I, Section 23, of the North Carolina Constitution, a defendant has a right not to be compelled to be a witness against himself in any criminal case. *See State v. McDaniel*, 274 N.C. 574, 164 S.E. 2d 469 (1968). But defendant in present case does not contend that the admission of this allegedly inadmissible evidence compelled him to take the witness stand in his own behalf. At no time during the trial, nor in his argument to this Court, did the defendant intimate that he did not intend to take the witness stand in order to deny that he had committed

the crime and to deny that he had confessed committing the crime to police.

Defendant argues, however, that *Harrison v. United States*, 392 U.S. 219, 20 L.Ed. 2d 1047, 88 S.Ct. 2008 (1967), holds that the burden is on the State to show that defendant's testimony was not induced by the erroneous admission of evidence. That case is not on point. *Harrison* involved a question of constitutionally impermissible evidence, *i.e.*, an illegally obtained confession, and the effect of the admission of this constitutionally impermissible evidence on the defendant's Fifth Amendment rights.

In *Harrison*, the defendant did not take the stand. The Court held that the prosecution could not introduce evidence of his admissions at an earlier trial of the same case when his taking the stand was clearly compelled by the State's introduction of illegally obtained confessions by him. The Court held that since he was compelled to take the stand in the earlier case to respond to the illegally obtained confession, his forced testimony in that case was a violation of his Fifth Amendment right against self-incrimination. Therefore, his testimony could not be admitted as an admission in his later trial.

In the case at bar, no such constitutional question is involved. In *United States ex rel Harris v. State of Illinois*, 457 F. 2d 191, 198 (7th Cir. 1972), *cert. denied*, 409 U.S. 860, 34 L.Ed. 2d 106, 93 S.Ct. 147, the Court held that the question of the admissibility of evidence of prior crimes "is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved. . . ." *See also Grundler v. State of North Carolina*, 283 F. 2d 798 (4th Cir. 1960). No such denial appears in present case. Here, there is no question but that defendant's confession to the crime was properly obtained. It is also clear that he took the stand, not to answer the State's evidence regarding his prior crime, but in order to rebut State's evidence that he both committed and confessed to the crimes in the present case. There is no allegation that his taking the stand in his own behalf was induced by the allegedly erroneous admission of evidence of his prior crime. Rather, it is clear that defendant was "compelled" to testify by the strength of the State's case, and that case included ample evidence, which was clearly competent, of his guilt. ". . . A defendant who chooses to testify waives his privilege against com-

pulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him." *Harrison v. United States, supra,* 392 U.S. at 222, 20 L.Ed. 2d at 1051, 88 S.Ct. at 2010.

As stated in *State v. McDaniel, supra,* at 584, 164 S.E. 2d at 475:

". . . To hold that a defendant in a criminal action, once evidence has been erroneously admitted over his objection, may then take the stand, testify to exactly the same facts shown by the erroneously admitted evidence, and from that point embark upon whatever testimonial excursion he may choose to offer as justification for his conduct, without thereby curing the earlier error, gives to the defendant an advantage not contemplated by the constitutional provisions forbidding the State to compel him to testify against himself. . . ."

Defendant also argues, under *State v. Godwin,* 224 N.C. 846, 32 S.E. 2d 609 (1945), that he was entitled to explain the evidence of his prior misconduct, or to destroy its probative value, or to contradict it with other evidence, without running the risk of abandoning his objection to the original introduction of the evidence. 224 N.C. at 847-48. Ordinarily this is true. In *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353, 358-59 (1968), this Court said, "[O]ne does not waive an objection or motion to strike, otherwise sound and seasonably made, by offering evidence for the purpose of impeaching the credibility or establishing the incompetency of the testimony in question. *State v. Aldridge,* 254 N.C. 297, 118 S.E. 2d 766; Stansbury, North Carolina Evidence [Brandis Ed. 1973], § 30."

However, defendant's testimony in present case regarding the September break-in was not an attempt to explain or contradict the evidence of his prior misconduct; nor was it an attempt to impeach the credibility or to establish the incompetency of the testimony. Instead, the witness was simply producing the same and additional evidence of the facts that had already been testified to over his objection. *See* 1 Stansbury, North Carolina Evidence § 30, p. 80 (Brandis rev. 1973). In denying the officers'

testimony that he had confessed committing the breaking and entering of 5 November, defendant added that he had in fact attempted to break into the same store on 22 September, and was on probation for that offense at the present time. Such testimony does not come within the requirements set out in *Godwin* and *Williams*, *supra*, for the preservation of the exception to the allegedly improper testimony. Hence, we hold that, by presenting the same evidence on his direct examination as was earlier presented by the State, the defendant waived the benefit of his earlier objection to that evidence. Additionally, by taking the stand the defendant opened himself up to impeachment, and on cross-examination the State had every right to inquire into this prior offense for purposes of questioning his credibility. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. Norkett*, 269 N.C. 679, 153 S.E. 2d 362 (1967). Thus, we fail to see how this testimony could have prejudiced defendant's case.

Since the admission of the evidence of defendant's prior attempt to break into Mr. Wellons' building was not prejudicial to defendant, we need not consider whether it was admissible to show the identity of defendant under Exception No. 4, as set out in *State v. McClain*, *supra*.

For the reasons stated, we hold that the Court of Appeals erred in awarding defendant a new trial.

Further assignments of error presented by defendant in the Court of Appeals were not passed upon by that court and have not been brought forward to this Court. The decision of the Court of Appeals is reversed and the judgment of the superior court is affirmed. The case is remanded to the Court of Appeals with direction that it remand to Durham Superior Court for issuance of commitment to put the prison sentence into effect.

Reversed.