STATE OF NORTH CAROLINA v. BARRY EUGENE ALSTON

No. 555PA86

(Filed 8 December 1988)

**Constitutional Law § 34— armed robbery—possession of firearm by felon—not double jeopardy**

Defendant was not twice put in jeopardy for the same offense in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States where defendant's first trial for armed robbery ended in a mistrial when the jury could not agree on a verdict, defendant was tried and acquitted for possession of a weapon by a previously convicted felon based upon a pistol found in defendant's automobile three hours after the robbery, and defendant was then tried again and convicted on the charge of armed robbery. The test is whether a rational jury could have granted its verdict in the possession trial on an issue other than the possession of a firearm at the time of the alleged armed robbery.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 82 N.C. App. 372, 346 S.E. 2d 184 (1986), finding no error in the judgment entered by *Brannon, J.,* at the 26 August 1985 Criminal Session of Superior Court, DURHAM County. Heard in the Supreme Court 13 September 1988.

The defendant was charged in separate indictments with armed robbery, N.C.G.S. § 14-87, and possession of a firearm by a previously convicted felon, N.C.G.S. § 14-415.1. The defendant's motion to sever the cases for trial was allowed on 26 March 1985. The State's evidence at the trial for armed robbery showed that at approximately 12:30 a.m. on 10 December 1984 the defendant robbed a convenience store using a .38 caliber pistol. The jury could not agree on a verdict and a mistrial was allowed.

The defendant was then tried for the possession of a weapon by a previously convicted felon. The State's evidence showed at this trial that the defendant was driving an automobile when he was stopped by officers at approximately 3:30 a.m. on 10 December 1984. The officers searched the defendant's automobile and found a .38 caliber pistol similar to the one which had been used in the robbery. The jury found the defendant not guilty of the charge of possession of a firearm by a previously convicted felon.

The State then put the defendant on trial for the second time on the charge of armed robbery. The defendant pled double jeopardy at this trial. His plea of double jeopardy was overruled and the defendant was convicted as charged.

The defendant was sentenced to twenty years in prison and the Court of Appeals found no error. We allowed the defendant's petition for discretionary review.

*Lacy H. Thornburg, Attorney General, by John H. Watters, Assistant Attorney General, for the State.*

*Craig B. Brown for defendant appellant.*

WEBB, Justice.

The only question raised by this appeal is whether the charge of armed robbery should have been dismissed because the defendant was twice put in jeopardy for the same offense in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States. In *Benton v. Maryland*, 395 U.S. 784, 23 L.Ed. 2d 707 (1969), the United States Supreme Court held that the double jeopardy clause of the Fifth Amendment is made applicable to the states by the Fourteenth Amendment.

In *Ashe v. Swenson,* 397 U.S. 436, 25 L.Ed. 2d 469 (1970), the United States Supreme Court held that collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy. In defining collateral estoppel the Supreme Court said, "It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 25 L.Ed. 2d at 475. The Supreme Court said that if a previous judgment of acquittal was based upon a general verdict and that judgment is pled to estop collaterally the litigation of an ultimate fact in a subsequent case the court must determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 444, 25 L.Ed. 2d at 475. *See also State v. McKenzie,* 292 N.C. 170, 232 S.E. 2d 424 (1977).

Our Court of Appeals, relying on *Ohio v. Johnson,* 467 U.S. 493, 81 L.Ed. 2d 425, *reh'g denied,* 468 U.S. 1224, 82 L.Ed. 2d 915 (1984) and *Jeffers v. United States,* 432 U.S. 137, 53 L.Ed. 2d 168, *reh'g denied,* 434 U.S. 880, 54 L.Ed. 2d 164 (1977), held the defendant waived his double jeopardy claim by moving that the cases be severed for trial. We affirm the Court of Appeals but not for the reasons stated in its opinion. We hold that the State was not estopped from litigating an ultimate fact in the armed robbery case by the finding of not guilty in the case of the possession of a firearm by a felon. It is not necessary to reach the question of whether the defendant waived a constitutional right.

Using the test promulgated in *Swenson* we hold that a rational jury could have grounded its verdict of not guilty in the case of the possession of a firearm by a felon other than on the issue the defendant wants to foreclose in the armed robbery case. The defendant wants to foreclose the State from proving that he had in his possession a firearm at the time of the alleged armed robbery. The jury in the possession of a firearm case could have found that the State had not proved he had a firearm in his possession at that time without determining whether he had a firearm in his possession three hours earlier at the time of the alleged armed robbery. Collateral estoppel does not apply.

The defendant argues that the evidence in both trials was the same. The clerk at the convenience store testified at both

trials that the defendant had a .38 caliber pistol in his possession at the time of the robbery. He did not testify as to whether the defendant had a pistol in his possession at the time he was stopped three hours later. The defendant argues that the State offered proof that the defendant had a .38 caliber pistol in his possession at the time of the robbery and three hours later and the jury in the possession case found he did not have a pistol in his possession at either time. The defendant argues the State is bound by this finding of an ultimate fact.

The State may have used identical evidence at all three trials and the jury in the trial for possession of a firearm by a previously convicted felon may have found the defendant did not possess a firearm at the time of the armed robbery, but neither of these is the test. The test is whether a rational jury could have grounded its verdict in the possession trial on an issue other than the possession of a firearm at the time of the armed robbery. We hold that a rational jury could have done so.

The defendant attempts to assign error to the failure of the State to furnish him with a transcript of the trial on the charge of possession of a firearm by a convicted felon. He did not raise this question in the Court of Appeals and we do not consider it. N.C.R. App. P. 16(a). In light of our decision in this case the defendant was not prejudiced by the failure of the State to furnish him a copy of the transcript.

Affirmed.