STATE v. AGEE

[93 N.C. App. 346 (1989)]

STATE OF NORTH CAROLINA v. GLENN CHARLES AGEE

No. 8812SC334

(Filed 18 April 1989)

1. **Criminal Law § 26.5— double jeopardy collateral estoppel— admission by defendant—constitutional issue not waived**

Defendant's admission in a prosecution for felonious possession of LSD that he possessed marijuana at the time of his arrest did not waive his constitutional objection to double jeopardy collateral estoppel. Once the State was permitted to introduce such evidence, the alleged prejudice to that right had already occurred and defendant's subsequent admission that he possessed marijuana was not inconsistent with insisting the bar against double jeopardy had been violated.

2. **Criminal Law § 26.5— double jeopardy collateral estoppel— requirements**

A defendant has the burden of showing two requirements in order to invoke double jeopardy collateral estoppel: (1) the previous jury's acquittal must necessarily have been based on an ultimate fact issue which defendant seeks to foreclose in a subsequent trial; (2) it must be absolutely necessary to defendant's conviction of the second offense that the jury find against defendant on the same fact issue the first jury necessarily found in his favor.

3. **Criminal Law § 26.5— felonious possession of LSD—concurrent possession of marijuana—double jeopardy collateral estoppel**

In a prosecution for felonious possession of LSD in which defendant sought to exclude testimony regarding his concurrent arrest for possession of marijuana because he had been acquitted of the possession of marijuana charge in district court, the trial court correctly ruled that double jeopardy collateral estoppel was not a proper basis for excluding the disputed evidence because, while defendant established the first requirement of double jeopardy collateral estoppel in that the issue of whether the substance he possessed was marijuana was decided in his favor by the district court judge, the State's evidence of defendant's marijuana possession was offered for a different and proper purpose at his trial for possession of

STATE v. AGEE

[93 N.C. App. 346 (1989)]

LSD, i.e., to establish the circumstances surrounding his alleged possession of LSD.

**4. Criminal Law § 34.2 — possession of LSD — evidence of concurrent possession of marijuana — objection waived**

In a prosecution for felonious possession of LSD in which defendant sought to exclude evidence of his concurrent arrest for misdemeanor possession of marijuana, defendant waived his objection under N.C.G.S. § 8C-1, Rule 403 to the admission of the evidence by admitting during his direct examination the truth of the State's allegation that he possessed marijuana at the time of his arrest.

Judge EAGLES concurs in the result.

Judge BECTON dissenting.

APPEAL by defendant from *Ellis (B. Craig), Judge.* Judgment entered 10 November 1987 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 25 October 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*Assistant Public Defender Paul F. Herzog for defendant-appellant.*

GREENE, Judge.

Defendant appeals his conviction of felonious possession of LSD under Section 90-95(a)(3). In March 1987, a police officer stopped defendant who was operating an automobile carrying several other passengers. After searching defendant for weapons and searching the rest of the car, the officer charged defendant with: 1) driving while impaired; 2) driving with a revoked license; 3) displaying a fictitious license plate; 4) misdemeanor possession of marijuana; and 5) felonious possession of LSD. The district court judge acquitted defendant of the misdemeanor possession of marijuana charge as well as all other misdemeanor offenses except the driving-while-impaired charge.

Prior to trial of the felonious possession of LSD charge in superior court, defendant moved *in limine* to exclude any reference to his arrest for the offenses of which he was acquitted. Defendant based his motion on the Fourteenth Amendment, the "law of the

STATE v. AGEE

[93 N.C. App. 346 (1989)]

land" clause of our state constitution, and various state rules of evidence. Defendant contended that, since defendant had been acquitted of the marijuana offense, evidence of defendant's marijuana possession was "res judicata" and had "no further life in the criminal justice system, and [was] irrelevant for any purpose at this particular point in time." Defense counsel furthermore stated that:

> I know that at some point in time [the prosecutor] will probably argue that [the arrests] are part of the *res gestae* of what happened here. But since there has already been a prior judicial disposition, their effect is—the prejudicial affect is far outweighing the probative value to this defendant.

Counsel contended that the State had ample other evidence from which it could show why defendant was stopped while operating his automobile.

The prosecutor responded:

> Your honor, it's my understanding that with respect to the possession of marijuana, that this is a situation where the defendant had the item on his person. Apparently during the handling of the matter in district court, the lab results were not yet back at the time of disposition of the driving cases and all were called for trial and, therefore, there was no choice. There was just no lab report to submit. Judge Hair entered a not guilty [sic] with respect to that. We would suggest, however, to the Court that under the rules of evidence, it is a "prior conduct" that is wrongful, and we should not be barred from going into that particular aspect of the case.

Defense counsel did not dispute this characterization of the trial in district court.

After hearing these arguments, the trial court made the following ruling:

> As to the marijuana, I can see where that may be relevant as to what action took place on the evening . . . it would be inappropriate as to what—to talk about what took place in district court as to whether he was found guilty or not guilty, for the State to refer to that. But as to the transactions that went on that evening between the officer and the defendant at this point I think would be relevant to just what transpired

out there, would be relevant to the case, and I will deny the motion *in limine* as to that.

Defense counsel objected to that ruling and stated that, since the court was going to allow the State to introduce evidence that defendant possessed marijuana during his arrest, defendant "may feel compelled to introduce evidence he was found not guilty of having marijuana."

At trial, the State introduced the arresting officer's testimony that he had seen defendant throw a red object to the floor of the car and that a subsequent search had disclosed a red cigarette box which contained LSD. The following exchange occurred during the arresting officer's direct examination:

Q: When you got the passengers out of the vehicle, what, if anything, did you note about the person of those individuals?

A: They were all very well inebriated.

Q: What then occurred, Officer Thomas?

A: Once Officer Varner and Captain Neisham got there, we started to search the subject for our safety, and . . . since I had advised Mr. Agee that he was under arrest for driving while impaired, I patted—well I, I searched him for weapons before I placed my handcuffs on him and was going to transport him to our police station.

. . .

Q: What occurred as a result of your search of his person, sir?

A: As I was searching him, when I checked his right rear pocket, I found a plastic bag—

Mr. Herzog: Objection.

The Court: Overruled.

Q: What did you find, sir?

A: I found a plastic bag with a green vegetable matter inside of it.

Mr. Herzog: Move to strike.

Court: Overruled.

STATE v. AGEE

[93 N.C. App. 346 (1989)]

After the officer testified concerning his familiarity with the appearance of marijuana, the trial court allowed the officer to state his opinion that the "green vegetable matter" was marijuana, but did not allow the officer to testify as to any subsequent laboratory testing done on the alleged marijuana.

During his subsequent direct examination, defendant also recounted the events of his arrest and added the following admission:

Q: Okay. What happened when you proceeded to the front of the car with Patrolman Thomas?

. . .

A: He patted me down, and I had, you know—he patted me down at the front of the car.

Q: Okay. After that happened, what happened?

A: He patted me down and he found something in my pocket.

Q: What was in your pocket?

A: A bag of marijuana.

The defendant presented other evidence that the cigarette pack containing the LSD belonged to another passenger in the car; the other passenger himself testified that the LSD belonged to him and that defendant did not know of its existence; however, the passenger had difficulty identifying other persons in the car on the night of defendant's arrest. The jury convicted defendant of felonious possession of LSD. Defendant appeals.

---

These facts present the following issues: I) where, at a trial for LSD possession, the State introduces evidence tending to show defendant possessed marijuana the time of his arrest although defendant was previously acquitted of that offense, (A) what requirements must defendant show in order to exclude such evidence under double jeopardy collateral estoppel? and (B) has defendant shown such requirements?; and II) if the admission of such evidence was not constitutionally estopped, whether defendant's admission he in fact possessed marijuana waived any objection under Rule 403 of our Rules of Evidence.

I

On appeal, defendant contends his acquittal of the misdemeanor marijuana possession charge collaterally estopped the State in the subsequent LSD trial from introducing any evidence tending to show defendant possessed marijuana at the time of his arrest. Defendant specifically bases his contention on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed. 2d 469 (1970). In *Ashe*, the United States Supreme Court held the doctrine of collateral estoppel is part of the constitutional guarantee against double jeopardy.

> 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of *ultimate fact* has once been determined by a valid and final judgment, *that* issue cannot again be litigated between the same parties in any future lawsuit . . . The federal decisions have made clear that the rule of collateral estoppel in criminal cases is *not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality.* Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires the court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings' . . . Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.

397 U.S. at 443-44, 90 S.Ct. at 1194, 25 L.Ed. 2d at 475-76 (emphasis added) (citations omitted). While there are arguably sources of collateral estoppel other than the Fifth Amendment, the only source of collateral estoppel argued in defendant's brief and consequently addressed in this opinion is the federal constitutional protection against double jeopardy, and will sometimes hereafter be called "double jeopardy collateral estoppel." N.C.R. App. 28(b)(5); *see* 2 W. LaFave and J. Israel, *Criminal Procedure* Sec. 17.4(a) at 387

(1984) (noting other possible constitutional and state sources of collateral estoppel).

[1]   Double jeopardy collateral estoppel is based upon "considerations of judicial economy, conservation of public funds, and avoidance of multiple litigations underlying the doctrine. Implicit, of course, in any limitation on relitigation of issues already determined in the criminal context is an appreciation of the substantial burdens, psychological as well as otherwise, placed on one who must defend against criminal prosecution." *Phillips v. United States*, 502 F. 2d 227, 230 (4th Cir. 1974), *vacated on other grounds*, 518 F. 2d 108 (4th Cir. 1975) (per curiam) (en banc). Thus, given the interests protected by double jeopardy collateral estoppel, defendant's admission on direct examination that he possessed marijuana at the time of his arrest did not waive this constitutional objection since its basis is defendant's right not to be compelled to relitigate an ultimate fact issue previously found in his favor. Once the State was permitted to introduce such evidence, the alleged prejudice to that right had already occurred. Defendant's subsequent admission he possessed marijuana was not inconsistent with insisting the bar against double jeopardy had been violated. *See State v. Gaiten*, 277 N.C. 236, 239, 176 S.E. 2d 778, 781 (1970) (may waive constitutional objection by express consent, failure to assert in time, or conduct inconsistent with purpose of objection).

We also note that the *Ashe* Court referred only to the preclusive effect of "ultimate" fact issues — rather than "evidentiary" fact issues. The admittedly subtle distinction between the two was stated by our Supreme Court in *Farmers Bank v. Michael T. Brown Distributors, Inc.*, 307 N.C. 342, 346, 298 S.E. 2d 357, 359 (1983):

> There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts . . . Ultimate facts are those found in that vaguely defined area lying between evidential facts on the one side and conclusions of law on the other . . . An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts . . .

(quoting *Woodard v. Mordecai*, 234 N.C. 463, 470-72, 67 S.E. 2d 639, 644-45 (1951) ).

STATE v. AGEE

[93 N.C. App. 346 (1989)]

A

[2]   The first requirement defendant must show in order to claim double jeopardy collateral estoppel is that the issue he seeks to foreclose in his second trial has necessarily been determined in his favor as an ultimate fact issue:

> Under the doctrine of collateral estoppel, an *issue* of ultimate fact, once decided by a valid and final judgment, cannot again be litigated in any future lawsuit. Subsequent prosecution is barred only if the jury could not rationally have based its verdict on an *issue* other than the one the defendant seeks to foreclose . . . When a 'fact is not *necessarily* determined in the former trial, the possibility that it may have been does not prevent re-examination of that issue.' . . . Thus, in determining whether *this aspect* [emphasis added] of double jeopardy acts to bar subsequent prosecution, 'unrealistic and artificial speculation about some far-fetched theory upon which the jury might have based its verdict of acquittal' is foreclosed . . . In advancing a collateral estoppel double jeopardy defense, the defendant has the burden of persuasion.

*State v. Edwards*, 310 N.C. 142, 145, 310 S.E. 2d 610, 613 (1984) (emphasis in original) (citations omitted).

However, the *Edwards* Court recognized a second "aspect" to double jeopardy collateral estoppel which must additionally be established in order to invoke the doctrine:

> *Finally, and of particular importance to our decision in this case,* we must emphasize that the 'same evidence' test is not the measure of collateral estoppel in effect here. *The determinative factor is not the introduction of the same evidence . . . but rather whether it is absolutely necessary to defendant's conviction . . . that the second jury find against defendant on an issue upon which the first jury found in his favor . . . [T]he "same evidence" could, in an appropriate case, conceivably be introduced at the second trial for an entirely different purpose than that which it served at the earlier trial'* . . . The State was not precluded from introducing evidence, albeit the 'same evidence' tending to implicate defendant [in the commission of the first crime] *where the sole [and different] purpose of the evidence was to prove . . . an issue which was neither raised nor resolved by his acquittal . . .*

310 N.C. at 144-46, 310 S.E. 2d at 613-14 (emphasis added) (quoting *Triano v. Superior Court of New Jersey*, 393 F. Supp. 1061, 1070 n.8 (D.N.J. 1975), *aff'd per curiam*, 523 F. 2d 1052 (3d Cir. 1975)).

Thus, defendant has the burden to show two requirements in order to invoke double jeopardy collateral estoppel under the *Edwards* interpretation of *Ashe*. First, the previous jury's acquittal must necessarily be based upon an ultimate fact issue which defendant seeks to foreclose in a subsequent trial. *E.g., State v. Alston*, 323 N.C. 614, 616-17, 374 S.E. 2d 247, 249 (1988) (no estoppel where previous acquittal of firearm possession at 3:30 a.m. did not necessarily determine whether defendant had firearm at 12:00 a.m. in subsequent armed robbery trial). Second, it must be "absolutely necessary" to defendant's conviction of the second offense that the second jury find against defendant on the same fact issue the first jury necessarily found in his favor. *Cf. State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977) (estoppel shown where first jury necessarily found defendant did not violate drunk driving statute which was essential element on which State attempted to obtain contrary finding in involuntary manslaughter trial).

We note the *Triano* decision on which the *Edwards* Court relied arose from that defendant's contention that he could not even be indicted for the second offense. *Triano*, 393 F. Supp. at 1071. Under *Edwards*, the issues whether double jeopardy collateral estoppel bars re-prosecution after an acquittal and, if not, what evidence from that prior trial may be introduced in the re-prosecution apparently both turn on the same elements of double jeopardy collateral estoppel. *Compare Edwards*, 310 N.C. at 143, 310 S.E. 2d at 611 (primary issue is whether Court of Appeals erred in holding double jeopardy prevented introduction of evidence of larceny of which defendant acquitted) *with id.* at 144, 310 S.E. 2d at 612 (issue presented is whether defendant's re-prosecution for breaking and entering was barred by earlier larceny acquittal); *cf.* N.C.G.S. Sec. 15A-954(7) (1988) (must dismiss prosecution if issue of fact or law previously adjudicated in defendant's favor is "essential" to successful prosecution).

Thus, double jeopardy collateral estoppel under *Edwards* does not preclude the State from introducing evidence tending to show defendant committed an offense of which he was previously acquitted *unless* the evidence is introduced for the purpose of proving a fact issue (1) which was necessarily determined in defendant's

favor by his earlier acquittal and (2) which is absolutely necessary to convict defendant of the second offense. Professor LaFave has explained the rationale of permitting the introduction of evidence of criminal counts of which the defendant has been acquitted:

> [T]he acquittal only is a bar to a later determination that there is *not* a reasonable doubt on the same fact issue . . . The failure to prove guilt beyond a reasonable doubt does not foreclose proof of the same crime by a preponderance of the evidence at a [parole] revocation proceeding . . . *On similar reasoning, it certainly may be argued that notwithstanding a defendant's prior acquittal of a certain crime, evidence of that crime may be received in a later prosecution under some exception to the "other crimes" rule (e.g., that it help show identity or motive in the instant case).* In such a situation, proof of the prior crime is an 'evidentiary fact' rather than an 'ultimate fact' in the second prosecution, and as such it is not a matter the prosecution must prove beyond a reasonable doubt but rather is a matter which, if proved by preponderance of the evidence, can contribute to a conviction beyond a reasonable doubt for the second crime. However, the courts are not in agreement as to how *Ashe* should be applied in such circumstances.

2 W. LaFave, Sec. 17.4(a) at 384-85; *see also Huddleston v. United States*, 485 U.S. ---, 108 S.Ct. 1496, 1501, 99 L.Ed. 2d 771, 780-81 (1988) ("other crimes" evidence under Rule 404(b) need only be proved by preponderance of evidence for admission).

Despite the dissent's interpretation of *Edwards*, the facts of *Edwards* illustrate how the Court applied both elements of its two-part test to permit the State to re-litigate "evidentiary" fact issues. In the *Edwards* defendant's first trial, the State attempted to prove defendant committed the crime of larceny by proving the essential elements of: (1) a wrongful taking and carrying away, (2) of the personal property of another, (3) without his consent, (4) with the intention to permanently deprive the owner of possession. Defendant was acquitted of the larceny charge. In defendant's subsequent trial for breaking or entering with the intent to commit a felony (i.e. larceny), the *Edwards* Court permitted the State to introduce evidence which had been admitted at the first trial. First, the State could introduce evidence from the first trial that defendant had actually broken into a store since "[t]hat aspect of the

offense was not at issue in and was not an element of the larceny charge." 310 N.C. at 146, 310 S.E. 2d at 614. Thus, defendant failed to show the evidence of his breaking and entering met the first requirement stated above.

Second, the *Edwards* Court also held the State could "furthermore" introduce at defendant's second trial evidence which *did* tend to show defendant had committed the elements of larceny (which *were* necessarily at issue in the first trial) since the evidence was used at the second trial for a *different* purpose. The evidence was offered by the State at the second trial "for the sole purpose" of proving "the defendant's *intent* to commit the crime of larceny, *an issue which was neither raised nor resolved by his acquittal of the larceny charge.*" 310 N.C. at 146, 310 S.E. 2d at 614 (emphasis added). The issue of defendant's intent was a proper evidentiary issue at the *Edwards* defendant's first trial for larceny; however, since it was not an ultimate fact issue, the issue could be re-litigated since it was not "resolved" by the earlier acquittal and consequently it was not "absolutely necessary to defendant's conviction . . . that the second jury find against defendant on an issue upon which the first jury found in his favor . . . ." 310 N.C. at 146, 310 S.E. 2d at 614.

As indicated by Professor LaFave, several federal circuits also adopt the *Edwards* Court's application of double jeopardy collateral estoppel to evidentiary issues. *E.g., Flittie v. Solem*, 751 F. 2d 967, 972 (8th Cir. 1985) (introduction of evidence not collaterally estopped since evidence used to prove "evidentiary" rather than "ultimate" fact in second trial); *Oliphant v. Koehler*, 594 F. 2d 547, 555 (6th Cir. 1979) (although defendant acquitted of prior sexual assaults, State could introduce evidence of prior assaults to show plan or scheme in subsequent rape trial); *United States v. Addington*, 471 F. 2d 560, 567 n.5 (10th Cir. 1973) (fact of acquittal of prior offenses is important but not determinative factor in determining admissibility); *see also United States v. Kills Plenty*, 466 F. 2d 240, 243 (8th Cir. 1972), *cert. denied*, 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed. 2d 278 (1973) (no double jeopardy collateral estoppel where fact issue previously resolved was not "essential" element of second charge).

On similar reasoning, various state courts also hold double jeopardy collateral estoppel does not prevent the State from introducing evidence of a crime of which defendant has been acquit-

ted where the evidence is offered to prove an evidentiary fact issue requiring proof by only a preponderance of evidence. *E.g., Commonwealth v. Hillebrand*, 536 S.W. 2d 451, 453 (Ky. 1976); *State v. Paridis*, 106 Id. 117, 676 P. 2d 31, 37 (1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed. 2d 888 (1984); *State v. Seftin*, 125 N.H. 533, 485 A. 2d 284, 285 (1984); *cf. State v. Suggs,* 86 N.C. App. 588, 591-92, 359 S.E. 2d 24, 26-27, *cert. denied,* 321 N.C. 299, 362 S.E. 2d 786 (1987) (where defendant charged with offense and later acquitted, evidence of offense admissible before defendant's acquittal under Rule 404(b) ); *see generally* Annotation, *Admissibility of Evidence as to Other Offense as Affected by Defendant's Acquittal of That Offense*, 25 A.L.R. 4th 934, secs. 5-6 (1983 & 1988 Supp.).

It appears one panel of the Fourth Circuit Court of Appeals initially rejected the requirement that the collaterally-estopped issue be essential to the second conviction in *Phillips v. United States,* 502 F. 2d 227, 232 (4th Cir. 1974) (collateral estoppel barred evidence defendant was present during robbery of which he was acquitted even though evidence offered to show defendant knew money he received was stolen). However, the first *Phillips* opinion was vacated by the court sitting en banc. *Phillips v. United States*, 518 F. 2d 108 (4th Cir. 1975) (per curiam) (en banc). Only four of the en banc judges discussed the first panel's specific analysis of double jeopardy collateral estoppel: those four rejected the first panel's analysis and stated the defendant's acquittal of bank robbery did not estop the government in a subsequent trial from showing defendant's "guilty knowledge" that the money he received was stolen by proving defendant had participated in the bank robbery. *Id.* at 109-10. Although it is difficult to determine the precedential effect of the per curiam decision in *Phillips*, the plurality's analysis appears to comport with the *Edwards* statement that evidence of a crime of which defendant has been acquitted may be used for a different purpose in a subsequent prosecution.

As noted above by Professor LaFave, and by the dissent, some federal circuits have expanded *Ashe* beyond its facts to preclude the introduction of evidence for *any* purpose if the evidence tends to show defendant committed a crime of which he has been acquitted. *E.g., Wingate v. Wainwright*, 464 F. 2d 209, 212-15 (5th Cir. 1972) (double jeopardy collateral estoppel bars introduction of same "evidentiary facts" for any purpose; estoppel not limited to issues essential to second conviction); *accord Blackburn v. Cross*, 510

F. 2d 1014, 1019 (5th Cir. 1975) (stating *Wingate* "expanded" *Ashe* to include evidentiary as well as ultimate facts); *United States v. Mespoulede*, 597 F. 2d 329, 334-35 (2nd Cir. 1979); *Albert v. Montgomery*, 732 F. 2d 865, 869-70 (11th Cir. 1984) (bound by Fifth Circuit decisions).

The logic of this exception to the use of "other crimes" evidence under Rule 404(b) has been criticized. *E.g., Hillebrand*, 536 S.W. 2d at 453 (criticizing *Wingate*); 2 J. Weinstein and M. Berger, *Weinstein's Evidence* Sec. 404[10] at 74-75 n.16 (1988) (characterizing as "illogical" the *Wingate* and *Mespoulede* extension of collateral estoppel to bar acquittal evidence under Rule 404(b) ). However, we recognize that *Wingate* and its progeny do not purport to apply *Ashe* or the rules of evidence in a narrowly logical manner. Those courts have instead expanded *Ashe* based on admittedly persuasive policy grounds:

> We do not perceive any meaningful difference in the quality of "jeopardy" to which a defendant is again subjected when the State attempts to prove his guilt by re-litigating a settled fact issue which depends upon whether the re-litigated issue is one of "ultimate" fact or merely an "evidentiary" fact in the second prosecution . . . It is fundamentally unfair and totally incongruous with our basic concepts of justice to permit the sovereign to offer proof that a defendant committed a specific crime which a jury of that sovereign has concluded that he did not commit. Otherwise a person could never remove himself from the blight and suspicious aura which surround an accusation that he is guilty of a specific crime. Wingate was charged with robbing Helman and Angel and as a result of those charges he endured the perils of trial. He was acquitted of those very charges and that should end the matter.

*Wingate*, 464 F. 2d at 213-15. Similarly, the *Mespoulede* Court stated that:

> The essential point is that the defendant must defend against charges or factual allegations that he overcame in the earlier trial . . . We do not rest our decision on the force of [Third or Fifth Circuit] precedent alone. To put it bluntly, to refuse to allow the assertion of collateral estoppel in this case would simply be inequitable.

Indeed, the concerns quoted above echo those set forth in the Court of Appeals opinion below which the *Edwards* Court quoted at length:

> The issue of defendant's participation in the . . . theft was tried and forever set at rest in the first trial. Having safely run that 'gauntlet' the defendant had a constitutional right not to again be jeopardized by that evidence. Though the crime that defendant was tried for this time . . . is not the same crime that he was acquitted of by the first trial . . ., defendant's former jeopardy rights were nonetheless violated to the prejudice of his liberty, since the *truth* of the . . . evidence was again put in issue against him and no doubt contributed greatly to his conviction.

*Edwards*, 310 N.C. at 144, 310 S.E. 2d at 612 (quoting *State v. Edwards*, 63 N.C. App. 92, 94, 304 S.E. 2d 245, 246 (1983) ) (emphasis in original).

However, the *Edwards* Court emphasized the Court of Appeals' contention that the "truth" of the State's evidence had been forever settled for any purpose—and then rejected it. Throughout its opinion, the *Edwards* Court emphasizes that the protection against double jeopardy precludes only the re-litigation of ultimate fact "issues": it does not necessarily preclude the State from re-litigating the "truth" of the evidence used to prove those issues. The *Edwards* Court clearly rejected the expansion of *Ashe* by *Wingate* which is premised on the assertion that collateral estoppel is *not* limited to issues which are essential to the second prosecution. While it may be argued that reconsideration of *Edwards* is desirable, we are bound until such reconsideration to apply *both* requirements which the Court set forth and then applied in determining the scope of double jeopardy collateral estoppel.

B

1. *Ultimate Fact Issue Necessarily Determined by Defendant's Prior Acquittal*

[3] Misdemeanor possession of marijuana requires two elements be proved beyond a reasonable doubt: (1) defendant's possession of a substance (2) which is marijuana. *See* N.C.G.S. Sec. 90-95(a)(3) (1985). Since the district court acquitted defendant of the misdemeanor charge of marijuana possession, defendant argues that acquittal necessarily precludes any reference to any of the facts

underlying his arrest for that offense. This is incorrect: *Ashe* simply bars the re-litigation of those *ultimate* fact issues upon which the previous fact-finder necessarily based its verdict.

As defendant was acquitted in district court, there is no transcript of those prior proceedings, and thus no evidence concerning the first trial other than the verdict sheet and scattered references in the transcript of the second trial. However, it appears from the oral argument on defendant's motion *in limine* quoted earlier that the district court did not question testimony that the arresting officer found a bag of some substance on defendant. Absent laboratory analysis of that substance, the district court was simply not convinced beyond a reasonable doubt that the substance found was in fact marijuana.

Thus, viewing the circumstances of the district court proceeding with the "realism and rationality" required under *Ashe*, it appears the district court judge acquitted defendant because the State failed to prove beyond a reasonable doubt that the substance possessed by defendant was marijuana: the only ultimate fact issue of preclusive effect arising from defendant's earlier acquittal is thus the identification of the substance as marijuana. At defendant's subsequent trial for LSD possession, the State introduced the arresting officer's testimony that he removed a plastic bag of "green vegetable matter" from defendant's person and that the substance was marijuana in his opinion. We conclude defendant has established the first requirement of double jeopardy collateral estoppel that the issue whether the substance he possessed was marijuana was decided in his favor by the district court judge.

2.  *Necessity of Issue of Defendant's Marijuana Possession to Second Prosecution*

Given the elements of felonious possession of LSD, it was certainly not "absolutely necessary" that the second jury find defendant possessed marijuana in order to convict him of felonious possession of LSD. The State offered the evidence of defendant's marijuana possession, and the court allowed it, for the purpose of establishing the "chain of circumstances" surrounding the alleged discovery of defendant's possession of LSD. The relevance of "chain of circumstances" evidence and similar evidence was stated in *State v. Jenerette*, 281 N.C. 81, 89, 187 S.E. 2d 735, 740 (1972):

[I]t is equally well settled that all facts, relevant to the proof of the defendant's having committed the offense with which he is charged, may be shown by evidence, otherwise competent, even though that evidence necessarily indicates the commission by him of another criminal offense. . . . Thus, such evidence of other offenses is competent to . . . make out the *res gestae*, or to exhibit a *chain of circumstances* in respect of the matter on trial, when such crimes are so connected with the offense charged as to throw light upon one or more of these questions.

(quoting *State v. Atkinson*, 275 N.C. 288, 312-13, 167 S.E. 2d 241, 256 (1969) ) (emphasis added); *accord State v. Shane*, 304 N.C. 643, 654, 285 S.E. 2d 813 (1982), *cert. denied*, 465 U.S. 1104, 104 S.Ct. 1604 (1983) ("other crimes" evidence relevant if bears upon "connected crimes"); *State v. McMillan*, 59 N.C. App. 396, 401, 297 S.E. 2d 164, 167 (1982) (permitting use of "chain of circumstances" evidence); *see generally* 1 H. Brandis, Jr., *Brandis on North Carolina Evidence* Sec. 92 at 352 n.19 (1982 & 1986 Cum. Supp.) (collecting cases permitting "other crimes" evidence to prove "chain of events" or *res gestae*). The adoption of Rule 404(b) of the North Carolina Rules of Evidence has not changed this result. N.C.G.S. Sec. 8C-1, Rule 404(b) (1986) comment ("Subdivision (b) is consistent with North Carolina practice"); 1 H. Brandis, Sec. 92 at 352 n.19 (1986 Cum. Supp.) (Rule 404(b) still permits proof of connected crimes). We also note the Fourth Circuit Court of Appeals has ruled the identical federal version of Rule 404(b) permits the introduction of "other crimes" evidence to establish the "setting" of the offense as well as other aspects of what is loosely called the *res gestae* of the offense. *United States v. Masters*, 622 F. 2d 83, 86-88 (4th Cir. 1980).

As further discussed below, the prejudicial impact of "other crimes" evidence used in this manner will often outweigh the probative value of the State's establishing the factual setting of the defendant's alleged crime; however, so long as the two-part *Edwards* test is otherwise met, there is no infringement of defendant's *double jeopardy* rights in using evidence of a crime of which defendant has been acquitted in order to establish the chain of circumstances surrounding the offense.

The State's evidence of defendant's marijuana possession was in fact offered for a different (and proper) purpose at his trial for possession of LSD, i.e., to establish the circumstances surrounding his alleged possession of LSD. Accordingly, we conclude under

*Edwards* that defendant has failed to show all the requirements necessary for establishing double jeopardy collateral estoppel. We consequently hold that constitutional ground was not a proper basis for excluding the disputed evidence.

II

**[4]** Irrespective of the scope of double jeopardy collateral estoppel under *Edwards*, the fact of defendant's acquittal of marijuana possession is relevant to the admission of this evidence:

> [O]therwise relevant and admissible evidence of another offense is not rendered inadmissible by the fact that the defendant was tried and acquitted of that offense, *except to the extent that the acquittal may be a factor to be included in balancing the probative value of the evidence against the prejudicial impact, and in determining the threshold question as to whether the evidence of the other offense is sufficiently convincing [by a preponderance of the evidence] to warrant its admission* . . .

Annot., 25 A.L.R. 4th at 943 (emphasis added).

During the hearing on his motion *in limine*, defendant contended that the prejudicial impact of introducing evidence of his marijuana possession would outweigh whatever probative value the evidence had for the State's case. Rule 403 of our Rules of Evidence states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. Sec. 8C-1, Rule 403 (1986). In weighing the probative value of this evidence against its prejudicial impact, we note the reason that "chain of circumstances" evidence is probative at all is its relevance in establishing the "context" of the crime charged: "[T]here is no reason to fragmentize the event under inquiry by suppressing part of the *res gestae* . . . The jury is entitled to know the setting of a case. It cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the charge." *Masters*, 622 F. 2d at 86 (citations and footnotes omitted).

Given the facts of this case, it would appear the arresting officer's opinion defendant possessed marijuana was of minimal

probative value at best since the purposes for admitting "chain of circumstances" evidence could have easily been accomplished without the arresting officer's opinion. Furthermore, the risk of prejudice to the defendant was significant since both the marijuana possession the State sought to prove as well as the LSD possession charged were similar narcotics offenses. We believe that in nearly all cases the prejudicial impact of "other crimes" evidence will outweigh its probative value under Rule 403 where the defendant has actually been acquitted of the "other crime" and the purpose of the evidence is simply to establish the chain of circumstances surrounding the defendant's offense.

However, we note defendant has arguably waived any objection under Rule 403 on appeal since his brief limits itself to the constitutional basis of his objection. *Cf.* N.C.R. App. 28(b)(5) (assignment of error without argument is abandoned). In any event, the instant case presents the unique circumstance that the defendant admitted during his direct examination the truth of the State's allegation that he possessed marijuana at the time of his arrest. At the least, this circumstance precludes any argument based on his acquittal that the State did not prove by a preponderance of evidence that defendant possessed marijuana: although the arresting officer's testimony was simply some evidence defendant possessed marijuana at the time of his arrest, defendant's admission removed all uncertainty about the identity of the substance.

More important, defendant's admission that he possessed marijuana waived any objection he may have had under Rule 403 to the arresting officer's testimony that he possessed marijuana. It is well-settled that a defendant waives his objection to evidence of his prior misconduct by subsequently introducing similar evidence without objection, unless he does so in order to "explain the evidence of his prior misconduct, or to destroy its probative value, or to contradict it with other evidence . . ." *State v. Wills*, 293 N.C. 546, 551, 240 S.E. 2d 328, 331 (1977). In *Wills*, the defendant objected to evidence that he confessed to a prior breaking and entering. The *Wills* defendant took the stand to contradict that evidence but, in so doing, admitted he broke into the same store on another occasion. The *Wills* Court held defendant had waived his objection to the State's introduction of evidence of the prior offenses:

Defendant's testimony in the present case regarding the September break-in was not an attempt to explain or contradict

the evidence of his prior misconduct; nor was it an attempt to impeach the credibility or to establish the incompetency of the testimony. *Instead, the witness was simply producing the same and additional evidence of the facts that had already been testified to over his objection.* See 1 Stansbury, North Carolina Evidence Sec. 30, p. 80 (Brandis ed. 1973). In denying that he had confessed [to a break-in], defendant added that he had . . . attempted to break into the same store [previously], . . . . Such testimony does not come within the requirements . . . for the preservation of the exception to the allegedly improper testimony. Hence, we hold that, by presenting the same evidence on his direct examination as was earlier presented by the State, the defendant waived the benefit of his earlier objection to that evidence.

293 N.C. at 551-52, 240 S.E. 2d at 331 (emphasis added). While the defendant in *Wills* had not been acquitted of the other offenses the State sought to prove, we note our Supreme Court subsequently applied *Wills* in holding a defendant waived his objection to being questioned concerning crimes of which he had been acquitted where he later testified at length about the trial of those crimes. *N.C. State Bar v. DuMont*, 52 N.C. App. 1, 23, 277 S.E. 2d 827, 840 (1981), *modified and aff'd*, 304 N.C. 627, 631, 286 S.E. 2d 89, 92 (1982) (Supreme Court specifically adopting Court of Appeals on this point).

Although defense counsel stated during argument on the motion *in limine* that he might feel compelled to offer evidence the defendant was acquitted of the marijuana possession charge, he never did so. *Cf. State v. Calloway*, 268 N.C. 359, 150 S.E. 2d 517 (1966) (per curiam) (where evidence of prior crimes offered, error to exclude defendant's explanation that he had been acquitted of prior crimes or that convictions were reversed); 1 H. Brandis, Sec. 143 at 568-69 (defendant may introduce evidence of prior judgments or judicial findings to establish *res judicata*). As in *Wills*, the defendant here did not attempt to explain or contradict the evidence of his alleged crime, but instead decided to corroborate the State's evidence with his own testimony. We may speculate that defendant was attempting to enhance the credibility of his testimony concerning his possession of LSD by admitting his misdemeanor possession of marijuana; however, any attempt to enhance the credibility of his testimony on other points does not come within the exception to the waiver rule that the defendant only

may explain the evidence of his prior misconduct, destroy its probative value, or contradict it with other evidence. Defendant's apparent decision to risk further prejudice to his case in order to secure some tactical advantage is simply inconsistent with any claim that he was unduly prejudiced by the admission of this disputed evidence. Under *Wills* and *DuMont*, we thus have no choice but to conclude that defendant waived his objection under Rule 403 to the admission of this evidence.

In passing, we also note defendant asserts he was entitled either to a requested instruction or a pattern instruction on the issue of his identity as the perpetrator of the crime of possessing LSD. However, there was no issue as to defendant's identity as the driver of the car where the LSD was discovered. We find no facts in the record which would otherwise require defendant's requested instructions on the issue of identity.

No error.

Judge EAGLES concurs in the result.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that this case is controlled by *Ashe v. Swenson*, and, therefore, that the trial court committed reversible error by permitting the State to present evidence of defendant's alleged marijuana possession in his subsequent trial for possession of LSD, I dissent.

First, the majority's reliance on *State v. Edwards* is misplaced. In *Edwards*, the State was permitted to introduce evidence of the defendant's participation in a larceny—even though he had been acquitted of that crime—in a later trial on a related charge of breaking or entering *with the intent to commit larceny*. The *Edwards* court explained that the "sole purpose [for introducing] the evidence was to prove defendant's [larcenous] intent . . ., an issue . . . neither raised nor resolved by his [prior] acquittal. . . ." 310 N.C. at 146, 310 S.E. 2d at 614. The court reasoned that the collateral estoppel rule recognized in *Ashe* did not bar this evidence since intent to commit larceny *was not an element* of the crime of larceny and *was not an issue decided* in the prior action. *Id.*

at 146, 310 S.E. 2d at 613-14. In the case before us, defendant's possession of marijuana *was an element* of the crime charged, misdemeanor possession of marijuana, and *was an issue decided* in the first trial. Accordingly, the doctrines of collateral estoppel and double jeopardy precluded presentation of that evidence in the subsequent trial since the issue was necessarily decided in defendant's favor. *See Ashe*, 397 U.S. at 445, 25 L.Ed. 2d at 476; *State v. McKenzie*, 292 N.C. 170, 175, 232 S.E. 2d 424, 428 (1977).

Furthermore, I take issue with the majority's citation of *State v. Suggs* as a case implicitly supporting its interpretation of *Edwards*. In *Suggs*, the defendant was acquitted of the "other crime" at issue *several months after* the trial from which defendant appealed. 86 N.C. App. at 590, 359 S.E. 2d at 26. *Suggs* is inapposite.

Second, I am not persuaded by the majority's conclusion that evidence of marijuana possession was admissible under a "chain of circumstances" exception to the "other crimes" rule as that rule is recognized in this state. The chain of circumstances cases cited by the majority were decided long before the Rules of Evidence were adopted. Rule 404(b) now provides the governing standard for the admission of "other crimes" evidence. That rule, in my view, would not permit the present evidence to be introduced.

Rule 404(b) lists several exceptions to the general prohibition against introduction of evidence of "other crimes"; "chain of circumstances" is not one of these. *See* N.C. Gen. Stat. Sec. 8C-1, R. Evid. 404(b) (1988). Although the list in Rule 404 is not exhaustive, *State v. Morgan*, 315 N.C. 626, 637, 340 S.E. 2d 84, 91 n.2 (1986), no cases decided after the rule was adopted expand that list to include "chain of circumstances." *See, e.g., State v. Ruffin*, 90 N.C. App. 705, 709, 370 S.E. 2d 275, 277 (1988). Moreover, *none* of the pre-Rule 404 cases that allowed evidence of "other crimes" to be introduced to establish the "chain of circumstances" involved crimes for which the defendant had been charged and *acquitted. See, e.g., Jenerette. Edwards*, which was decided before the adoption of the Rules of Evidence, was not a "chain of circumstances" case. In my view, the State's attempt to relitigate the possession of marijuana issue under the guise of "chain of circumstances" was barred by collateral estoppel. *See Albert v. Montgomery*, 732 F. 2d 865, 869-70 (11th Cir. 1984); *Wingate v. Wainwright*, 464 F. 2d 209, 215 (5th Cir. 1972). *See also Blackburn v. Cross*, 510 F. 2d 1014, 1017 (5th Cir. 1975) (collateral estoppel extends to evidentiary as

well as ultimate facts). The most the State needed to show to put the LSD charge "in context" was that defendant was stopped for an alleged vehicular violation and that LSD was found in the car. Possession of marijuana formed no permissible link in the so-called "chain of circumstances."

Third, evidence of defendant's possession of *marijuana* was irrelevant to the separate substantive offense of possession of *LSD*. The majority's conclusion that the evidence "was certainly not 'absolutely necessary' . . . to convict him of felonious possession of LSD," shows the irrelevancy of the challenged evidence. In any event, as the majority concedes, even had defendant's marijuana possession been remotely relevant, its prejudicial impact far outweighed any probative value it might have had. *See State v. McDowell*, 93 N.C. App. 289, 378 S.E. 2d 48 (1989) (flight evidence to show how stolen property came into police custody was of dubious relevancy, and, in any event, should have been excluded due to danger of unfair prejudice).

Finally, defendant did not waive his constitutional, relevancy, or prejudicial objections to the State's evidence of marijuana possession by his subsequent reference to the marijuana on direct examination. The damage had already been done. In my view, defendant chose the only course he could: to address that prejudicial evidence head-on, with the aim of bolstering his credibility in the hope that the jury would conclude that he was "being completely open and straightforward and worthy of belief." *State v. Hedgepeth*, 66 N.C. App. 390, 400, 310 S.E. 2d 920, 925 (1984). *Cf. Jones v. Bailey*, 246 N.C. 599, 602, 99 S.E. 2d 768, 771 (1957); *State v. Wells*, 52 N.C. App. 311, 315, 278 S.E. 2d 527, 530 (1981) (no waiver of objection to introduction of incompetent evidence by later attempt to explain or destroy probative value of that evidence). Had defendant failed to respond to the officer's testimony, the jury would have been left with the impression that he was dishonest about the marijuana, and so probably also lied about the LSD. *Wills*, upon which the majority relies to conclude that defendant waived his objection to introduction of the evidence of marijuana possession, did not involve an objection to constitutionally impermissible evidence, that is, evidence of another crime for which defendant had been *acquitted*. *See Wills*, 293 N.C. at 550, 240 S.E. 2d at 330-31 (there defendant suffered no violation of a specific constitutional right, and his subsequent testimony was not induced by erroneous admission of evidence of prior crime).

In short, defendant's possession of marijuana played no permissible part in establishing the context of his arrest for possession of LSD. The error in admitting that evidence entitles defendant to a new trial.