STATE OF NORTH CAROLINA v. GLENN CHARLES AGEE

No. 208A89

(Filed 10 May 1990)

**1. Criminal Law § 34.10 (NCI3d) — possession of LSD — evidence of concurrent possession of marijuana — relevant**

Concurrent misdemeanor possession of marijuana was admissible in a prosecution for felonious possession of LSD under N.C.G.S. § 8C-1, Rule 401 where the arresting officer initially stopped defendant's vehicle because he suspected defendant

STATE v. AGEE

[326 N.C. 542 (1990)]

was driving while intoxicated; defendant made a threatening remark as the officer approached defendant's vehicle; this remark prompted the officer to call for assistance; the officer searched defendant's person for weapons when his backup arrived; and, after finding a bag of marijuana in defendant's pocket, the officer proceeded to search defendant's vehicle, discovering the LSD. The "chain of circumstances" rationale established in our pre-Rules cases survives the adoption of the Rules of Evidence; here, the discovery of marijuana on defendant's person constituted an event in the officer's narrative which naturally led to the search of defendant's vehicle and the subsequent detection of the LSD.

**Am Jur 2d, Evidence §§ 321, 323-327.**

2. **Criminal Law § 34.10 (NCI3d) — felonious possession of LSD — concurrent possession of marijuana — not excludable under Rule 404(b)**

Evidence of concurrent misdemeanor possession of marijuana was not required to be excluded under N.C.G.S. § 8C-1, Rule 404(b) in a prosecution for felonious possession of LSD where the evidence of defendant's marijuana possession served the purpose of establishing the chain of circumstances leading up to his arrest for possession of LSD, and was not probative only of defendant's propensity to possess illegal drugs. It was noted that N.C.G.S. § 8C-1, Rule 404(b) is a rule of inclusion, subject to the weighing of probative value versus unfair prejudice.

**Am Jur 2d, Evidence §§ 321, 323-327.**

3. **Criminal Law § 34.10 (NCI3d) — felonious possession of LSD — concurrent possession of marijuana — admission not abuse of discretion**

The trial court did not abuse its discretion in a prosecution for felonious possession of LSD by admitting evidence of defendant's concurrent misdemeanor marijuana possession, even though defendant contended the evidence should have been excluded under N.C.G.S. § 8C-1, Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice.

**Am Jur 2d, Evidence §§ 321, 323-327.**

4. **Constitutional Law § 34 (NCI3d)— felonious possession of LSD—concurrent possession of marijuana—double jeopardy collateral estoppel**

Evidence of concurrent misdemeanor marijuana possession was not constitutionally inadmissible in a prosecution for felonious possession of LSD under the collateral estoppel doctrine of the Fifth Amendment where defendant had been previously acquitted of the marijuana charge. The U. S. Supreme Court opinion in *Dowling v. United States*, 493 U.S. - - -, directly controls this issue; evidence that the defendant committed the prior offense was admissible because of the different burdens of proof applicable to the two trials.

**Am Jur 2d, Evidence § 332.**

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported at 93 N.C. App. 346, 378 S.E.2d 533 (1989), finding no error in a judgment of imprisonment entered by *Ellis, J.*, on 10 November 1987 in Superior Court, CUMBERLAND County, upon defendant's conviction of felonious possession of LSD. Heard in the Supreme Court 11 December 1989.

*Lacy H. Thornburg, Attorney General, by Clarence J. DelForge, III, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Constance H. Everhart, Assistant Appellate Defender, for defendant-appellant.*

WHICHARD, Justice.

This appeal presents the question whether defendant's acquittal on a charge of misdemeanor possession of marijuana precludes the State from introducing, in a subsequent prosecution for felonious possession of lysergic acid diethylamide (LSD), evidence that defendant possessed marijuana at the time of his arrest on both charges. We answer in the negative, and we thus affirm the Court of Appeals.

Prior to defendant's trial in superior court for possession of LSD, he filed a motion in limine to preclude any reference to his arrest on 27 March 1987 for the offenses of misdemeanor possession of marijuana, driving while license revoked, and displaying a fictitious license plate. These charges all stemmed from the same

incident which led to defendant's arrest for possession of LSD. Defendant had been convicted previously in district court on the charges of driving while license revoked and displaying a fictitious license plate. He was acquitted of the charge of misdemeanor possession of marijuana. In denying the motion in limine, the trial court stated:

> As to the marijuana, it would be inappropriate as to what—to talk about what took place in District Court as to whether he was found guilty or not guilty, for the State to refer to that. But as to the transactions that went on that evening between the officer and the defendant at this point I think would be relevant to just what transpired out there, would be relevant to the case, and I'll deny the motion in limine as to that.

At the trial for felonious possession of LSD, Officer Mark W. Thomas of the Spring Lake Police Department testified that on the evening of 27 March 1987 he observed a brown Mustang automobile weaving on the road. Officer Thomas activated his siren and signalled the driver to pull over to the side of the road. After the driver pulled over, Officer Thomas turned on a "take down light" which helps illuminate the inside of a vehicle. He observed defendant, the driver, take something red, ball it up, and throw it over his shoulder. Officer Thomas approached the car, whereupon defendant, who was inebriated, made a threatening remark to him. Officer Thomas told all the occupants to get out of the automobile and place their hands on the automobile; he then called for assistance. When help arrived, Officer Thomas advised defendant he was under arrest for driving while impaired. He then searched defendant while the other officers searched the other two occupants of the car. Officer Thomas testified, over objection, that he found "a plastic bag with a green vegetable matter inside of it" in defendant's pocket, and that in his opinion the bag contained marijuana. He proceeded to search the vehicle. On the right rear floorboard he found a crumpled red Marlboro cigarette package. In between the cellophane and the package he found a small square piece of aluminum foil, which he thought to be a "blotter acid hit of LSD." Officer Thomas found no other red items in the back seat passenger area.

On direct examination, defendant admitted that the bag Officer Thomas found in his pocket contained marijuana, but denied possession of LSD. Clay Thomas, one of defendant's passengers, testified

that the LSD belonged to him. Two other witnesses, who had been at a party with defendant and Thomas earlier in the evening, testified that Thomas had some LSD wrapped in tinfoil inside a Marlboro cigarette package and offered to sell some to anyone interested. The other passenger, a female, did not testify. The State's evidence tended to dispute that Clay Thomas had been a passenger in defendant's automobile at the time of the arrest.

The jury returned a guilty verdict on the charge of felonious possession of LSD. The Court of Appeals upheld defendant's conviction, holding that the principle of double jeopardy collateral estoppel did not operate to prohibit admission of evidence of defendant's marijuana possession at his trial for possession of LSD. *State v. Agee*, 93 N.C. App. 346, 362, 378 S.E.2d 533, 542 (1989). The Court of Appeals also concluded pursuant to N.C.G.S. § 8C-1, Rule 403 that the prejudice to defendant occasioned by the admission of this evidence outweighed its minimal probative value, but that defendant had waived his objection under this rule by testifying himself that he possessed a bag of marijuana at the time of his arrest. *Id.* at 365, 378 S.E.2d at 543. Judge Becton dissented, and defendant exercised his right to appeal to this Court. N.C.G.S. § 7A-30(2) (1989).

[1] We first address whether the evidence of defendant's possession of marijuana was admissible under the Rules of Evidence. If the evidence was inadmissible on evidentiary grounds, we need not address the constitutional question raised by defendant. *State v. Creason*, 313 N.C. 122, 127, 326 S.E.2d 24, 27 (1985). Defendant argues that the evidence is irrelevant under Rule 401, more prejudicial than probative under Rule 403, and evidence of prior bad acts inadmissible under Rule 404(b).

The Court of Appeals noted that any relevance or probative value represented by the evidence was limited to establishing the context or "chain of circumstances" of the crime charged. *State v. Agee*, 93 N.C. App. at 362, 378 S.E.2d at 542. This type of evidence is sometimes called *res gestae* evidence. However, the *res gestae* formula is more properly used to describe out-of-court statements made contemporaneously with the commission of the crime, 1 Brandis on North Carolina Evidence § 158 (3d ed. 1988), and its omission from codification within the Rules of Evidence as a hearsay exception has called its continuing vitality into question. *Id.* at 717 n.70.

STATE v. AGEE

[326 N.C. 542 (1990)]

Evidence tending to establish the context or chain of circumstances of a crime, which incidentally establishes the commission of a prior bad act, is to be distinguished from the hearsay *res gestae* category of evidence. We have recognized the relevance of the former type of evidence in pre-Rules opinions:

> "[A]ll facts, relevant to the proof of the defendant's having committed the offense with which he is charged, may be shown by evidence, otherwise competent, even though that evidence necessarily indicates the commission by him of another criminal offense. Thus, such evidence of other offenses is competent to show . . . the *quo animo*, intent, design, guilty knowledge, or scienter, or to make out the *res gestae*, or to exhibit a chain of circumstances in respect of the matter on trial, when such crimes are so connected with the offense charged as to throw light upon one or more of these questions."

*State v. Jenerett*, 281 N.C. 81, 89, 187 S.E.2d 735, 740 (1972) (citations omitted) (quoting *State v. Atkinson*, 275 N.C. 288, 312-13, 167 S.E.2d 241, 256 (1969), *death sentence reversed on other grounds*, 403 U.S. 948, 29 L. Ed. 2d 859 (1971)). In *Jenerett*, evidence that defendant robbed the victim prior to murdering him was admissible as part of the chain of circumstances. *Id. See also State v. McMillan*, 59 N.C. App. 396, 401, 297 S.E.2d 164, 167 (1982) (evidence of threatening behavior leading up to assault admissible as part of chain of circumstances). The dissenting opinion in the Court of Appeals noted correctly that these chain of circumstances cases were decided prior to enactment of the Rules of Evidence. *State v. Agee*, 93 N.C. App. at 366, 378 S.E.2d at 544. However, admission of evidence of a criminal defendant's prior bad acts, received to establish the circumstances of the crime on trial by describing its immediate context, has been approved in many other jurisdictions following adoption of the Rules of Evidence. *United States v. Currier*, 821 F.2d 52 (1st Cir. 1987); *United States v. Williford*, 764 F.2d 1493 (11th Cir. 1985); *United States v. Masters*, 622 F.2d 83 (4th Cir. 1980); *State v. Chaney*, 141 Ariz. 295, 686 P.2d 1265 (1984); *People v. Czemerynski*, 786 P.2d 1100 (Colo. 1990) (en banc); *State v. Michlitsch*, 438 N.W.2d 175 (N.D. 1989); *Crozier v. State*, 723 P.2d 42 (Wyo. 1986). This exception is known variously as the "same transaction" rule, the "complete story" exception, and the "course of conduct" exception. *Crozier v. State*, 723 P.2d at 49. Such evidence is admissible if it " 'forms part of the history of the event or serves to enhance the natural development of the facts.' " *Id.* (quoting

*Commonwealth v. Evans*, 343 Pa. Super. 118, 132, 494 A.2d 383, 390 (1985) ). We similarly hold that the "chain of circumstances" rationale established in our pre-Rules cases survives the adoption of the Rules of Evidence.

The evidence here showed that the arresting officer initially stopped defendant's vehicle because he suspected defendant was driving while intoxicated. As the officer approached defendant's vehicle, defendant made a threatening remark to him. This remark prompted the officer to call for assistance; when his backup arrived, he searched defendant's person for weapons. After finding the bag of marijuana in defendant's pocket, he proceeded to search the vehicle, culminating in discovery of the LSD. The trial court, ruling on defendant's motion in limine to exclude evidence of the marijuana possession, stated that the evidence was relevant "to just what transpired out there" on the evening of the arrest. We agree. Discovery of the marijuana on defendant's person constituted an event in the officer's narrative which led naturally to the search of defendant's vehicle and the subsequent detection of the LSD.

> Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. Williford*, 764 F.2d at 1499 (evidence of negotiations for purchase of cocaine admissible in trial on charges of conspiracy to import, distribute, and possess marijuana).

In *State v. Michlitsch*, 438 N.W.2d 175, the defendant was convicted of possession of marijuana with intent to deliver. During searches of the defendant's trailer, handbag, and person, officers found a marijuana cigarette, cigarette butts, and smoking devices. The North Dakota Supreme Court held that evidence of defendant's possession of these other items was admissible because their discovery was intertwined and contemporaneous with the discovery of the bags of marijuana. Here, the marijuana also was discovered during a search intertwined and contemporaneous with that revealing the presence of LSD in defendant's vehicle. *See also People v. Czemerynski*, 786 P.2d at 1109 (" '[W]here, as here, the events leading up to the crime are a part of the scenario which explain the setting in which it occurred, no error is committed by permit-

ting the jury to view the criminal episode in the context in which it happened' ") (quoting *People v. Lobato*, 187 Colo. 285, 289-90, 530 P.2d 493, 496 (1975) ).

[2] Defendant contends that even if the evidence of his marijuana possession was properly admitted as relevant, it nonetheless should have been excluded under Rule 404(b). Rule 404(b) states:

> *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1988). Cases from other jurisdictions reveal two perspectives on the relationship between Rule 404(b) and the chain of circumstances category of evidence. Some courts view evidence of circumstances occurring contemporaneously with the commission of a crime as outside the scope of Rule 404(b), either because the "other wrong" does not occur prior to the crime charged, *People v. Czemerynski*, 786 P.2d at 1109, or because the intertwined events of the two wrongs preclude a finding that the "other wrong" is extrinsic to the crime charged. *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986); *United States v. Williford*, 764 F.2d at 1498; *United States v. Aleman*, 592 F.2d 881, 885 (1979) (usual case evoking Rule 404(b) involves "other acts" occurring at time and setting different from that of crime charged; policy underlying Rule 404(b) "simply inapplicable when some offenses committed in a single criminal episode become 'other acts' because the defendant is indicted for less than all of his actions"). Other courts engage in Rule 404(b) analysis, but hold that evidence of "other wrongs" is admissible for the purpose, not enumerated in Rule 404(b) itself, of "complet[ing] the story of a crime by proving the immediate context of events near in time and place." *United States v. Currier*, 821 F.2d at 55. *Accord, State v. Chaney*, 141 Ariz. at 309-10, 686 P.2d at 1279-80 (list of permitted uses in Rule 404(b) not exclusive). The difference between the two perspectives is more apparent than real, because under either view the evidence of the "other wrong" is admissible, subject to the weighing of probative value versus unfair prejudice mandated by Rule 403. *United States v. Montes-Cardenas*, 746 F.2d 771, 780 (11th Cir.

1984). We note, however, that the latter view is consistent with this Court's view of Rule 404(b) as a rule of inclusion, as expressed recently in *State v. Coffey*:

> Recent cases decided by this Court under Rule 404(b) state a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.

*Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis in original). Because the evidence of defendant's marijuana possession served the purpose of establishing the chain of circumstances leading up to his arrest for possession of LSD, Rule 404(b) did not require its exclusion as evidence probative *only* of defendant's propensity to possess illegal drugs.

[3]    Defendant argues that the evidence concerning his possession of marijuana should have been excluded under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice. The Court of Appeals agreed, though it held that defendant had waived his objection under Rule 403 by testifying that he did possess marijuana when arrested for possession of LSD. *State v. Agee*, 93 N.C. App. at 365, 378 S.E.2d at 543. We disagree with the Court of Appeals' initial conclusion that the trial court should have excluded the evidence under Rule 403. "Whether to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial court. . . . Evidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." *State v. Coffey*, 326 N.C. at 281, 389 S.E.2d at 56. The trial court did not abuse its discretion under Rule 403 in admitting the evidence of defendant's marijuana possession, nor did it err in admitting the evidence under Rules 401 and 404(b).

[4]    Having concluded that the evidence was admissible on evidentiary grounds, we must address the constitutional issue raised: whether the doctrine of collateral estoppel, as encompassed by the fifth amendment guarantee against double jeopardy, prohibits the introduction of evidence, in a subsequent trial for a different crime, of a crime of which a defendant previously has been acquitted. Defendant bases his contentions on *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469 (1970), in which the United States Su-

preme Court held that the defendant's acquittal of robbing one of six alleged victims barred his subsequent prosecution for robbing another of the six victims during the same occurrence. In his dissent in the Court of Appeals, Judge Becton stated that he believed *Ashe* controlled the case at bar. *State v. Agee*, 93 N.C. App. at 365, 378 S.E.2d at 544. *Ashe* is distinguishable from the present case, however, because it held that the State was collaterally estopped from prosecuting the defendant a second time for the same robbery. *Ashe*, 397 U.S. at 446, 25 L. Ed. 2d at 477. The constitutional issue here is not whether the State could prosecute defendant, but whether evidence of defendant's marijuana possession was admitted properly in light of defendant's previous acquittal of that charge.

Since this Court heard oral arguments in this case, the United States Supreme Court has issued its opinion in *Dowling v. United States*, 493 U.S. ---, 107 L. Ed. 2d 708 (1990), which directly controls this issue. *Griffith v. Kentucky*, 479 U.S. 314, 328, 93 L. Ed. 2d 649, 661 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final"); *United States v. Johnson*, 457 U.S. 537, 543, 73 L. Ed. 2d 202, 209 (1982) (common-law rule for both criminal and civil cases is "that a change in law will be given effect while a case is on direct review"). In *Dowling* the defendant allegedly robbed a bank while wearing a ski mask and carrying a handgun. A witness testified that the defendant had entered her home two weeks after the bank robbery, wearing a ski mask and carrying a handgun. The witness unmasked the robber during a struggle and identified him as the defendant. The defendant was acquitted of charges stemming from the alleged intrusion into the witness' home. The United States Supreme Court held that prior acquittal did not preclude the government from introducing evidence of the defendant's other alleged crime in the prosecution for the bank robbery, "because, unlike the situation in *Ashe v. Swenson*, the prior acquittal did not determine an ultimate issue in the present case." *Id.* at ---, 107 L. Ed. 2d at 717. It stated:

> [W]e decline to extend *Ashe v. Swenson* and the collateral estoppel component of the Double Jeopardy Clause to exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted.

*Id.* Evidence that the defendant broke into the witness' home was admissible in the bank robbery trial because of the different burdens of proof applicable to the two trials. In the trial for charges stemming from the break-in at the witness' home, the government bore the burden of proving beyond a reasonable doubt that the defendant committed the crime charged. In the subsequent trial on charges of bank robbery, the government sought to introduce the witness' testimony under Rule 404(b), which requires only that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Id.* at ---, 107 L. Ed. 2d at 718 (quoting *Huddleston v. United States*, 485 U.S. 681, 689, 99 L. Ed. 2d 771, 782 (1988) ).

*Dowling* answers defendant's argument that introduction of his marijuana possession was constitutionally impermissible under the collateral estoppel doctrine of the fifth amendment. Having previously held that the evidence was relevant, probative, and otherwise admissible under the Rules of Evidence, we affirm the Court of Appeals opinion which found no error in defendant's trial.

Affirmed.