STATE OF NORTH CAROLINA
v.
JOHN THOMAS BAILEY.
No. COA07-1141
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Janette Soles Nelson, for the State.
J. Clark Fischer for defendant-appellant.
HUNTER, Judge.
John Thomas Bailey ("defendant") appeals from judgment entered upon his conviction for possession of a firearm by a felon and his guilty plea to having attained habitual felon status. Defendant raises the sole issue that the trial court committed plain error in allowing the State to introduce evidence of defendant's drug use and the presence of drugs in his home. We find no error.
On 28 November 2005, defendant was indicted for possession of a firearm by a felon and for being a habitual felon. At trial, the State's evidence tended to show that on 13 May 2005 narcotics investigators and other law enforcement officers were executing a search warrant at a house in Durham when they detained defendant and two other individuals. Defendant informed the officers that he lived in the house, and when asked if any drugs were in the house, defendant stated he had some marijuana in his room. The investigators searched defendant's room and found a .25 caliber loaded handgun and a cell phone wrapped in a T-shirt. They also discovered ammunition and a small amount of marijuana in the room. Defendant and the others were taken to the police station for questioning. Defendant stated the gun belonged to his cousin, but whenever his cousin left the house, defendant had possession of the gun, and he had fired it on a prior occasion. He also stated he had moved the gun from his cousin's room to his own room for safety reasons. During the course of the interrogation, defendant wrote and signed a statement which stated, "'I, John Bailey, moved the gun from one room to the other for safety reasons. Yes, I do smoke weed.'"
Defendant stipulated to the commission of the underlying felony for purposes of the possession of a firearm by a felon charge, but he did not present any evidence at trial. The jury returned a guilty verdict on the stated charge, and defendant thereafter pled guilty to being a habitual felon. The trial court sentenced defendant in the mitigated range to a term of ninety to one hundred and seventeen months imprisonment.
On appeal, defendant assigns as plain error the trial court's failure to exclude evidence ex mero motu concerning the marijuana discovered in his room as well as defendant's drug use. He argues the evidence is irrelevant to the firearm charge, and that its prejudicial nature substantially outweighs any probative value it might have. Defendant contends the evidence is inflammatory and prevented any chance for him to be acquitted on the firearm charge. Therefore, the evidence should have been excluded under Rule 403 of the North Carolina Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 403. We disagree.
Where a defendant has failed to object to the admissibility of evidence, the defendant must show the trial court committed plain error. State v. Jones, 358 N.C. 330, 346, 595 S.E.2d 124, 135, cert. denied, 543 U.S. 1023, 160 L. Ed. 2d 500 (2004). Plain error is demonstrated when the defendant shows "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997). Only relevant evidence is admissible, and even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C. Gen. Stat. § 8C-1, Rules 402, 403 (2007).
Here, marijuana was discovered along with a gun in defendant's room, and defendant's confession reflected both his involvement with the gun and the fact that he smoked marijuana. Evidence of certain bad acts committed by a defendant are admissible if they are part of the same transaction or chain of events involving the crime being tried. State v. Agee, 326 N.C. 542, 547-48, 391 S.E.2d 171, 174 (1990). Here, evidence of defendant's possession of drugs was part of the same set of circumstances surrounding the possession of the gun. Thus, the evidence was properly admitted. Moreover, defendant cannot show that but for the admission of this evidence, even if irrelevant, the jury would have reached a different result, particularly in light of the uncontradicted evidence that the gun was found in his room and that he admitted he possessed the gun in his cousin's absence. Defendant's argument that the trial court committed plain error must therefore fail, and his assignment of error is overruled.
No error.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).