STATE OF NORTH CAROLINA
v.
MICHAEL EDWARD HELMS, JR.
No. COA08-1323.
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General LaShawn L. Strange, for the State
L. Jayne Stowers, for defendant-appellant.
JACKSON, Judge.
On 28 February 2005, defendant Michael Edward Helms, Jr. ("defendant"), was indicted for assault with a deadly weapon inflicting serious injury. The case was tried at the 5 February 2007 Criminal Session of Rowan County Superior Court. The jury found defendant guilty, and the trial court sentenced defendant to a term of fifty-three to seventy-three months imprisonment. Defendant appeals. For the following reasons, we hold no error.
On 29 November 2004, Douglas Bivens ("Bivens") went to Little Buck's convenience store in Kannapolis, North Carolina. After buying a soda, Bivens returned to his car and opened the soda so he could take a drink. As he did so, he heard someone yell "hey" at him. Bivens looked up and saw defendant. Bivens testified that defendant "flipped [him] off." Bivens had known defendant for approximately two weeks, and he testified that he was dating defendant's ex-girlfriend, Alisa Grimes ("Grimes"). Bivens further testified that during the prior two weeks, he had seen defendant on two or three occasions. On one of those occasions, defendant said to Bivens, "Come on over here. I'm gonna teach you a lesson." On the second occasion, defendant, standing with several of his friends, told Bivens, "We're gonna do you just like I'm gonna do Alisa."
Bivens testified that when he saw defendant at Little Buck's, he "sort of panicked" and he "knew [he] had to make a sudden move." Bivens noticed defendant's "right arm hanging down with something in it." Bivens later determined the object in defendant's hand was a four-inch knife. Bivens testified that "I knew my life was in danger at that time, so I went around, trying to stay as far away from him as I can, but still circling around toward the front door." Bivens stated that he "knew it was either me or him . . ., and I was going to try to get the first shot in." Bivens took a swing at defendant, but missed. Bivens saw defendant's right arm coming up, so he backed up. As he did so, he hit a light pole. Bivens then felt something warm and noticed that he was bleeding from his lower left side. Although he had not seen the knife go into his side, Bivens had been stabbed by the defendant.
Defendant subsequently was convicted of assault with a deadly weapon inflicting serious injury and sentenced to a term of fifty-three to seventy-three months imprisonment. This Court granted defendant's petition for writ of certiorari on 23 October 2007.
Defendant argues that the trial court erred by admitting into evidence alleged prior threats made by him towards Bivens. Defendant contends that this evidence should not have been admitted pursuant to North Carolina Rules of Evidence, Rule 404(b).
After careful review of the record, briefs, and contentions of the parties, we hold no error.
Rule 404(b) of the North Carolina Rules of Evidence provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). We previously have stated that:
This rule is a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.
State v. Washington, 141 N.C. App. 354, 366, 540 S.E.2d 388, 397 (2000) (citing State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990)), disc. rev. denied, 353 N.C. 396, 547 S.E.2d 427 (2001) (emphasis omitted).
Furthermore, our Supreme Court has explained that:
Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.
State v. Agee, 326 N.C. 542, 548, 391 S.E.2d 171, 174-75 (1990) (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985)).
Here, Bivens testified that he knew defendant because he was dating defendant's ex-girlfriend. Bivens further testified that defendant had made threats towards him. This testimony was not offered for the purpose of proving that defendant acted in conformity with a violent disposition. Instead, the testimony provided context for why Bivens feared defendant and felt the need to "make a sudden move." As such, Bivens' testimony was an integral and natural part of the development of the facts and was necessary to complete the story of the crime for the jury. Agee, 326 N.C. at 548, 391 S.E.2d at 174. Therefore, its admission did not violate the prohibition of character evidence set forth in North Carolina Rules of Evidence, Rule 404. Accordingly, we hold no error.
No error.
Judges ROBERT C. HUNTER, and STEELMAN concur.
Report per Rule 30(e).