**COMMONWEALTH of Kentucky, Appellant,**

v.

**Robert B. HILLEBRAND and Douglas Lee Powers, Appellees.**

Supreme Court of Kentucky.

Jan. 23, 1976.

Rehearing Denied June 11, 1976.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Jr., Commonwealth's Atty., Frank Coryell, Asst. Commonwealth's Atty., Louisville, for appellant.

Frank E. Haddad, Jr., Laurence E. Higgins, Louisville, for appellees.

PER CURIAM.

Robert B. Hillebrand, Acting Director of the Department of Building and Housing Inspection of the City of Louisville, and Douglas Lee Powers, a friend of Hillebrand's, were tried jointly under indictments charging Hillebrand with accepting a bribe from one Ed Sutherland, and charging Powers with being an accessory before the fact to that offense. The jury found the defendants not guilty and a judgment of acquittal was entered. The Commonwealth has appealed, asking for a certification of the law on various questions.

Some time prior to the trial here in question, Hillebrand and Powers had been tried under indictments charging Hillebrand with accepting a bribe from one H. M. Dunn, Jr., and charging Powers with being an accessory before the fact to that offense. On that trial the circuit court *directed* a verdict of acquittal. The Commonwealth appealed for a certification of the law in that case also, and the certification was made in *Commonwealth v. Hillebrand*, Ky. (1974), 508 S.W.2d 566. One of the certifications there was that the trial court had erred in refusing to admit evidence as to Hillebrand's and Powers' dealings with Sutherland. This court was of the opinion that the evidence was admissible as tending to show a pattern of conduct that was relevant to the issue of intent.

On the trial in the instant case, the Commonwealth sought to introduce evidence of Hillebrand's and Powers' dealings with Dunn. The circuit court would not permit the evidence to be introduced, ruling that

the evidence should be excluded under the principle of collateral estoppel under the double-jeopardy clause. The correctness of that ruling is the primary question on which the Commonwealth seeks a certification.

At one time the law was well settled that evidence, otherwise competent, of other conduct of a criminal nature was not rendered inadmissible by the fact that the accused had been acquitted of a criminal charge based on that conduct. See 1 Wharton's Criminal Evidence, Thirteenth Edition 624, Sec. 262; Annotation, 86 A.L.R.2d 1132. But the decision of the Supreme Court of the United States in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), on the subject of collateral estoppel as related to double jeopardy, appears in some respects to have qualified the rule.

■ As we understand the holding in *Ashe v. Swenson*, it is that if *an issue of fact* has been determined against the prosecution in the trial of an offense, the prosecution cannot again litigate that issue of fact upon a later trial of the same defendant for another offense. To ascertain whether the issue was in fact determined on the previous trial, the court on the subsequent trial is required to "examine the record of [a] *the* prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude *whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.*" (our emphasis) The specific holding was that the prosecution, on a trial of a defendant on a charge of participating with others in the robbery of a player in a poker game, was precluded from producing evidence to show that the defendant was one of the robbers, because on a previous trial of the defendant on a charge of robbery of one of the other poker players the defendant had been acquitted. The court said: "The single rationally conceivable issue in dispute before the jury was whether the petitioner had

been one of the robbers. And the jury by its verdict found that he had not."

■ Applying the principle of *Ashe v. Swenson* to the instant case, we find that the only issue of fact that must have been decided against the Commonwealth on the previous trial was whether Hillebrand ever *physically took possession of the money paid by Dunn to Powers.* It is clear from the record that the decision of the trial court to direct a verdict of acquittal was based solely (and of course erroneously) on the fact that the evidence did not establish that the money ever came into Hillebrand's personal possession. Under *Ashe v. Swenson*, that is the only issue of fact that the Commonwealth was precluded from litigating on the subsequent trial; the Commonwealth was not precluded from introducing relevant evidence as to the dealings of Hillebrand and Powers with Sutherland, excepting only evidence to show that the money was received personally by Hillebrand.

Hillebrand's counsel cites *Wingate v. Wainwright*, 5 Cir., 464 F.2d 209 (1972) as authority for the proposition that where an accused has been acquitted of a charge of crime, no evidence at all relating to that crime can be admitted on a subsequent trial for another offense. The case does seem to stand for that proposition, but we find the reasoning of the case so faulty as to render the case wholly unacceptable to us as authority. It misinterprets and misapplies *Ashe v. Swenson*; it evinces a complete misconception of the laws of evidence as to admission of evidence of other conduct of a criminal nature; and it erroneously assumes that motive, a common scheme or plan, guilty knowledge, etc., are *elements* of a crime.

In *Wingate* the opinion says that the prosecution undertook to introduce evidence that the defendant, on trial on a robbery charge, on a previous occasion "had robbed" Joseph Hillman and on another occasion "had robbed" James Angel. It appears that the prosecution was trying to prove only the ultimate fact of prior robberies, as distinguished from showing the *conduct* of the defendant on those prior occasions. The

court in *Wingate* held that proof of the prior robberies was precluded, under principles of res judicata or collateral estoppel, because the defendant had been acquitted on charges of committing those robberies. The court seemed to be of the opinion that the evidence would have been admissible had it not been for the acquittals. We think that was the court's first error.

■ As we understand the law, evidence of prior *conduct* of a criminal nature is admissible, in certain circumstances, to show motive, guilty knowledge, a common plan or scheme, etc. But evidence simply that a person has committed another similar crime (related in those terms without reference to the *actions* of the defendant) is not admissible, any more than evidence that he has been *convicted* of another crime (except where allowed for impeachment purposes). Evidence of prior conduct of a criminal nature is not admissible *because* it shows that another crime was committed, but *despite* the fact that it may show that another crime was committed. See *Henderson v. Commonwealth*, Ky., 507 S.W.2d 454.

■ Apparently, the initial error of the court in *Wingate* led it into the second, which was its interpretation and application of *Ashe v. Swenson* as barring any evidence at all with reference to prior conduct from which a criminal charge arose on which the defendant was acquitted. *Ashe v. Swenson* plainly says that the only evidence that is precluded is evidence of *issues of fact* which necessarily were determined against the prosecution on the prior trial.

The third error of the court in *Wingate* was in its statement that the evidence of the former robberies was offered to prove "some element" of the instant offense. Of course, it was not for that purpose; it was to convince the jury that the defendant had committed the acts, otherwise shown in evidence, that constituted the elements of the offense.

It appears that the circuit court in the case here on appeal was led into the same errors committed by the court in *Wingate*.

It is our conclusion that the acquittal of Hillebrand and Powers in the *Dunn* case did not have the effect of precluding the admission of any relevant evidence, in the Sutherland case, as to Hillebrand's and Powers' dealings with Dunn, excepting only evidence that Hillebrand personally received the money.

The Commonwealth asks that we certify the law on certain other questions but we do not consider them of sufficient importance to warrant certification.

The law is certified as hereinbefore stated.

All concur.