**Melvin Henry IGNATOW, Appellant,**

**v.**

**Honorable Stephen RYAN, Judge Jefferson Circuit Court, Division Six, Commonwealth of Kentucky, Real Party in Interest, Appellees.**

**No. 1999–SC–0540–MR.**

Supreme Court of Kentucky.

Jan. 25, 2001.

Rehearing Denied April 26, 2001.

**862**

Jay Lambert, Louisville, Counsel for Appellant.

Stephen P. Ryan, Judge, Jefferson Circuit Court, Division Six, Louisville, A.B. Chandler III, Attorney General of Kentucky, Criminal Appellate Division, Office

of the Attorney General, Frankfort, Carol H. Cobb, Shawn Goodpaster, John A. Dolan, Special Assistant Attorneys General, Louisville, Counsel for Appellees.

LAMBERT, Chief Justice.

Pursuant to CR 76.36(7)(a), Appellant, Melvin Henry Ignatow, appeals as a matter of right from an order of the Court of Appeals denying his request for a writ of prohibition. Thereby, Appellant sought to prevent Judge Stephen P. Ryan from subjecting him to trial for perjury on grounds of collateral estoppel, as he had been previously acquitted of a murder charge arising from the same set of factual circumstances underlying the perjury charge. Appellant also sought to prevent his trial on the charge of being a second degree persistent felony offender. For the following reasons, the judgment of the Court of Appeals is affirmed.

The facts of Appellant's former trial (hereinafter the "murder trial"), which Appellant now presents as grounds for his collateral estoppel claim, are as follows. On September 24, 1988, Appellant's former girlfriend, Brenda Sue Schaefer, disappeared. In January, 1990, Mary Ann Shore, another former girlfriend, led authorities to Schaefer's body, which was buried behind Shore's home, and Shore implicated Appellant in Schaefer's death. Appellant was subsequently tried for murder, kidnapping, sodomy, sexual abuse, robbery and tampering with evidence in regard to Schaefer's disappearance and death. Appellant was acquitted of all charges. He did not testify at the trial.

After Appellant's acquittal, on October 1, 1992, the owners of the home that Appellant had lived in at the time of Schaefer's death were having new carpet installed, and photos depicting the crime as well as Schaefer's jewelry were found by the carpet installers. Thereafter, Appellant

was charged and pled guilty to federal perjury charges arising from the federal investigation of Schaefer's disappearance. During his plea colloquy in United States District Court, Appellant confessed to abusing Schaefer, both physically and sexually, and to murdering her. On November 13, 1992, he received a ninety-seven month federal prison sentence.

Several years later, on October 23, 1997, the Jefferson County Grand Jury returned an indictment charging Appellant with first degree perjury and with being a second degree persistent felony offender. The perjury charge arose from events that occurred prior to Appellant's murder trial. On March 22, 1989, Appellant received a letter from Schaefer's former employer, Dr. William Spalding, alleging that Appellant was responsible for Schaefer's disappearance and threatening to have Appellant killed if he did not reveal any information he had about Schaefer's disappearance.

On the day Appellant received the letter, he swore out a warrant against Dr. Spalding for terroristic threatening. Dr. Spalding was brought to trial, and on August 10, 1989, Appellant testified under oath at Spalding's trial as follows:

1. That on September 24, 1988, he had been at Captain's Quarters with Schaefer;

2. That on that date his relationship with Schaefer was good, he loved her very much, she loved him, and they were engaged to be married;

3. That he had no knowledge that there was anything wrong with their relationship, and that it was an absolutely good, loving relationship; and

4. That when they parted on September 24, 1988, they were on good terms,

everything was fine, and they had intended to get together the next day.

This testimony given by Appellant at Dr. Spalding's trial is the basis for the present perjury charge.

Appellant sought to have the perjury and the PFO II charges against him dismissed based upon principles of collateral estoppel. The trial court denied the motion, and Appellant subsequently filed an original action in the Court of Appeals, seeking to prohibit enforcement of the trial court's order denying the motion to dismiss the indictment.

The Court of Appeals denied Appellant's request for a writ of prohibition. In so doing, the Court of Appeals noted that to prove that Appellant committed perjury, the prosecution will be required to prove that at the Spalding trial Appellant lied about the status of his relationship with Schaefer on the day he murdered her. The Court of Appeals reasoned that the quality of Appellant's relationship was not litigated at the murder trial, and thus concluded that Appellant's prosecution for perjury and for being a persistent felony offender was not barred by the collateral estoppel doctrine. Appellant now appeals to this Court as a matter of right.

Under the doctrine of collateral estoppel, "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."[1] In *Ashe v. Swenson*,[2] the United States Supreme Court announced the test to be applied in determining whether a subsequent prosecution should be barred based upon collateral estoppel, stating,

---

1. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

2. 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration [in the subsequent proceeding]."[3]

Following the *Ashe* decision, federal courts have announced that an issue must have been "actually and necessarily determined" in prior litigation for the defendant to use the issue as the basis for a successful collateral estoppel defense.[4]

■ In Kentucky, the doctrine of collateral estoppel is codified at KRS 505.040(2), which states in pertinent part,

Although a prosecution is for a violation of a different statutory provision from a former prosecution ... it is barred by the former prosecution [if] ... [t]he former prosecution was terminated by a final order or judgment which has not subsequently been set aside and which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution.

In *Commonwealth v. Hillebrand*,[5] this Court examined the *Ashe* holding in considering whether evidence of prior criminal activity of which the defendant had been acquitted was admissible as a 'prior bad act'[6] in a subsequent trial for similar conduct and concluded that only evidence of issues that "must have been decided" against the Commonwealth at the previous trial was inadmissible.[7]

■ Thus, applying the standard announced in KRS 505.050(2) and *Hillebrand*, the crucial inquiry in determining whether Appellant's perjury trial may go forward is whether the murder trial required a determination inconsistent with any fact necessary to a conviction in the instant perjury case, i.e., whether the murder trial jury must have decided against the Commonwealth on an issue that will be necessary to convict Appellant in the perjury trial. We believe it did not. The issue to be litigated in the perjury trial will be whether Appellant lied about the status of his relationship with Schaefer when he testified at Dr. Spalding's trial, *see supra.* The quality of Appellant's and Schaefer's relationship on the day he murdered her was never expressly litigated at the murder trial, and the murder and other crimes will not be facts necessary for conviction of perjury.

■ Appellant further contends, however, that the prosecution impermissibly split its original cause of action against him and thus that he may not be prosecuted for perjury. In support of this argument, he claims that KRS 505.040(1)(a) requires that all related offenses be tried in the same trial. This statute states, in relevant part, that

Although a prosecution is for a violation of a different statutory provision from a former prosecution ... it is barred by the former prosecution [if] ... [t]he former prosecution resulted in an acquittal, a conviction which has not subsequently been set aside, or a determination that

---

3. 397 U.S. at 444, 90 S.Ct. 1189.

4. *Benton v. Crittenden,* Ky., 14 S.W.3d 1, 5–6 (1999).

5. 536 S.W.2d 451 (1976).

6. KRE 404(b)(2).

7. *Id.* at 483; *Benton v. Crittenden,* Ky., 14 S.W.3d 1, 5 (1999).

865

there was insufficient evidence to warrant a conviction, and the subsequent prosecution is for ... [a]n offense of which the defendant could have been convicted at the first prosecution.

The Commentary to KRS 505.040(1) is helpful to an understanding of this provision, explaining that

Under this provision, an acquittal or conviction for murder would bar a subsequent prosecution for attempted murder, manslaughter or assault. The prosecution most likely to be barred by this subsection is one for an "included offense."

Accordingly, the statutory prohibition is against trial for offenses that naturally flow from the indictment, such as included offenses. The offense charged here alleges the occurrence of perjury almost a year after Schaefer's disappearance and murder and in a case where Appellant claimed to be the victim. Thus, Appellant's prosecution for perjury is not precluded by KRS 505.040(1)(a).

Finally, Appellant claims that the Court of Appeals erred by refusing to order the trial court to exclude evidence of the crimes committed against Schaefer as inadmissible 'prior bad acts.' Unlike a claim of double jeopardy, in which there is no adequate remedy upon appeal,[8] evidentiary errors may be corrected upon appeal. Thus, the primary requirement for granting a writ of prohibition, that there be no adequate remedy upon appeal,[9] has not been met. As a result, the Court of Appeals acted within its discretion in refusing to address the merits of this issue.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

COOPER, GRAVES, KELLER, STUMBO and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., not sitting.

**8.** *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977).

**9.** *Potter v. Eli Lilly and Co.,* Ky., 926 S.W.2d 449, 452 (1996).