# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: FEBRUARY 20, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0237-MR

HAROLD E. TURNER                                             APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2023-CA-1366
CARLISLE CIRCUIT COURT NO. 20-CR-00050

HONORABLE TIMOTHY A.
LANGFORD, CIRCUIT JUDGE                                 APPELLEE

AND

COMMONWEALTH OF KENTUCKY            REAL PARTY IN INTEREST/
APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Harold E. Turner was charged with several criminal offenses, including possession of a handgun by a convicted felon and being a first-degree persistent felony offender. After the Carlisle Circuit Court severed those two charges from the remaining charges, a jury found Turner guilty of both charges and the trial court sentenced him to ten years in prison on November 4, 2021. However, the judgment, which included the two tried charges and the remaining charges, listed "not guilty" for each of the remaining charges.

Turner ultimately entered a plea agreement for the remaining charges but before being sentenced, filed a petition for writ of prohibition with the

Court of Appeals seeking to prohibit the trial court from sentencing him on the remaining charges. Turner argued, among other things, that the trial court lacked jurisdiction and was collaterally estopped from sentencing him because the November 2021 judgment found him not guilty. The Court of Appeals denied Turner's petition. This appeal followed. After careful review, we affirm the Court of Appeals and conclude that Turner is not entitled to a writ.

## FACTS AND PROCEDURAL HISTORY

In 2020, Harold E. Turner was indicted on charges of possession of a handgun by a convicted felon, first-degree possession of a controlled substance, possession of drug paraphernalia, tampering with physical evidence, possession of marijuana, and being a first-degree persistent felony offender. The possession of a handgun and first-degree persistent felony offender charges were severed from the other charges and proceeded to trial. Turner was convicted by a jury and sentenced to ten years in prison on November 4, 2021. Turner appealed and his conviction was affirmed by the Court of Appeals. *Turner v. Commonwealth*, 2022-CA-0087-MR, 2023 WL 128719, at *1 (Ky. App. Jan. 6, 2023).

While his appeal was pending, on February 11, 2022 Turner entered a plea agreement with the Commonwealth on the remaining charges. Because his appeal was pending, the parties waited to sentence Turner on the remaining charges until the appeal was final. Although the Court of Appeals rendered its decision in January 2023, according to the Commonwealth the

2

remaining charges "fell through the cracks" and Turner was never formally sentenced on those charges.

Before Turner was sentenced on the remaining charges, he filed a pro se petition for writ of prohibition to the Court of Appeals arguing, in part, that because the November 4, 2021 judgment erroneously noted that he was "not guilty" on the untried charges, jeopardy had attached and the circuit court could not sentence him on the plea agreement. The Court of Appeals denied the petition, determining that the trial court had jurisdiction and was not acting erroneously. This appeal followed.

### **ANALYSIS**

As often noted, "courts of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary." *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008). This Court has held that:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Turner argues both that the trial court lacks jurisdiction to sentence him and alternatively that the trial court has jurisdiction but is acting erroneously. We address each argument in turn.

3

**I.     Turner is not entitled to a first-class writ because the trial court has jurisdiction to sentence as to all charges.**

"The first class of writs refers to subject-matter jurisdiction; that is, the lower court's core authority to hear the case at all." *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 4 (Ky. 2016). Turner argues that the trial court lost jurisdiction over the matter ten days after the November 4, 2021 judgment was entered. While the November 4 judgment erroneously stated Turner was "not guilty" of the remaining charges, there is no dispute that those charges were not presented to the jury prior to the entry of the November 4 judgment. This is evidenced by the order severing the charges and by Turner's subsequent guilty plea on the remaining charges three months later. There would have been no need for a guilty plea had Turner been acquitted of the remaining charges. At the time the trial court entered the November 4 judgment, the remaining charges were still pending pursuant to the severance order. The clerical error on the judgment occurred but Turner was nevertheless sentenced to ten years in prison. Three months later Turner entered a guilty plea to the remaining charges. While there is an unexplained delay in sentencing Turner pursuant to the plea agreement, there is no prejudice because Turner was already sentenced to ten years in prison. Further, his appeal from his ten-year sentence is what initially led the parties to suspend sentencing on the remaining charges.

Additionally, the circuit court entered a subsequent order on February 29, 2024 explaining the error in the November 4, 2021 judgment, indicating that the remaining charges were not submitted to the jury at the jury trial

4

conducted in October 2021, and amending the November 4 judgment to correct the error. Turner cites Kentucky Civil Rule (CR) 59.05, which requires a motion to vacate, alter or amend a judgment to be served within ten days of judgment. But the criminal rules apply here. "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Kentucky Rule of Criminal Procedure (RCr) 10.10.

Turner argues that because the Court of Appeals affirmed the judgment in his direct appeal, it becomes law of the case and cannot be subsequently amended by the trial court. Pursuant to the law of the case doctrine, "an appellate court, on a subsequent appeal, is bound by a prior decision on a former appeal in the same court." *St. Clair v. Commonwealth,* 451 S.W.3d 597, 612 (Ky. 2014) (quoting *Inman v. Inman,* 648 S.W.2d 847, 849 (Ky. 1982). The law of the case doctrine is simply inapplicable here. Again, RCr 10.10 allows for mistakes in judgments to be corrected at any time, and the trial court maintained jurisdiction over the remaining charges because they were properly severed. Therefore, Turner is not entitled to a first class writ.

## II. Turner is not entitled to a second-class writ.

Turner also asserts he is entitled to a second-class writ because the trial court acted erroneously. To be entitled to this class of writ, Turner must also show that "there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."

5

*Hoskins,* 150 S.W.3d at 10. Turner has not been sentenced pursuant to his plea agreement on the remaining charges because he filed a writ petition. Turner has not shown that he has no adequate remedy by appeal. A writ may not be issued as a substitute for appeal or to circumvent normal appellate procedure. *Nat'l Gypsum Co. v. Corns,* 736 S.W.2d 325 (Ky. 1987); *Merrick v. Smith,* 347 S.W.2d 537 (Ky. 1961). The extraordinary remedy of a writ is not available when a trial court's alleged error in the exercise of its jurisdiction can be addressed in the normal appellate process, which is exactly the scenario here.

Additionally, Turner argues the trial court should be collaterally estopped from sentencing him in accordance with the plea agreement, citing Kentucky Revised Statute (KRS) 505.040(2). That statute prevents a subsequent prosecution when "[t]he former prosecution was terminated by a final order or judgment which has not subsequently been set aside and which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution." In order for collateral estoppel and KRS 505.040(2) to apply, "an issue must have been 'actually and necessarily determined' in prior litigation." *Ignatow v. Ryan*, 40 S.W.3d 861, 864 (Ky. 2001) (quoting *Benton v. Crittenden,* 14 S.W.3d 1, 5-6 (Ky. 1999)). This provision is inapplicable because the remaining charges were never presented in the 2021 trial. The only charges that were presented were possession of a handgun by a convicted felon and first-degree persistent felony offender, and the clerical error

6

of listing the untried charges with a disposition of not guilty does not change that fact.

Further, any double jeopardy argument is likewise unconvincing. Jeopardy attaches when the jury is sworn. *Cardine v. Commonwealth,* 283 S.W.3d 641, 646 (Ky. 2009). Because the charges were severed and the remaining charges were never presented to a jury, jeopardy had not attached to those charges. As such, the trial court would not be acting erroneously by proceeding with sentencing Turner on the remaining charges pursuant to the plea agreement.

## **CONCLUSION**

For the foregoing reasons, we affirm the Court of Appeals' denial of Turner's petition for a writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Harold E. Turner
Pro se


COUNSEL FOR APPELLEE:

Hon. Timothy A. Langford


COUNSEL FOR APPELLEE/
REAL PARTY IN INTEREST, COMMONWEALTH
OF KENTUCKY:

Russell M. Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General